## RICH v. JOHNSON.

1. In an action of covenant to recover damages for the breach of the covenant of seizin contained in a deed, the measure of damages which the plaintiff is entitled to recover is the consideration paid and the interest thereon for six years from the time of the breach, or for so long a time as, by the local law, *mesne* profits are recoverable after the breach has occurred.

2. The burden of proof is upon the defendant to show that he had a good title, and not upon the plaintiff to show that he had not. *Mecklem v. Blake*, 16 Wis. 102; *Beckmann v. Henn*, 17 id. 412; *Ludlow v. Gilman*, id. 552; but see, also, *Walker v. Wilson*, 13 id. 522; *Hall v. Gale*, 14 id. 54.

3. Until eviction, the damages are merely nominal. *Taft v. Kessel*, 16 Wis. 273; *Horton v. Arnold*, 18 id. 212.

ERROR to the late District Court for *Racine* County.

This was an action of covenant for the recovery of damages, on the failure of title in a deed executed by the defendant, to the plaintiff in the court below. The declaration assigned several breaches, on which issue was taken. The cause was tried in the Racine county district court, at the April term, 1847, and a judgment was obtained in favor of the plaintiff below, against the defendant below, for the sum of $407.54.

On the trial, the plaintiff below introduced a duly exemplified record of one of the courts of record of the State of Illinois, showing proceedings whereby a mortgage, executed

by the defendant below upon the conveyed premises, had been foreclosed and the premises sold.    He also produced the record of the deed containing the covenant, for the breach of which the action was brought.

The judge who tried the cause charged the jury that the record (in proof) showed a sufficient breach of the covenants in the deed, to enable the plaintiff below to recover; that the amount of damages which the plaintiff was entitled to recover was the consideration expressed in the deed executed by the defendant to the plaintiff, with interest to the time of trial.

Verdict and judgment for the plaintiff, and the defendant brought a writ of error.

*E. W. Evans*, for plaintiff in error.

*Chatfield*, for defendant in error.

STOW, C. J.    We do not think it necessary to examine the numerous points made on the argument of this writ of error, as we are of opinion that the judgment must be reversed on a ground not involving the principal questions in the case. Under the direction of the court below, the jury in assessing the damages, added to the consideration expressed in the deed, interest from its execution to the day of trial, being a period of something more than ten years.   In giving this direction, we think the learned judge, before whom the cause was tried, erred.    Though the measure of damages in actions on covenants of seizin and warranty, is not uniform throughout the United States, the prevailing, and we think the better rule is, to allow but six years' interest, or interest for the time for which *mesne* profits are recoverable.    13 Johns. ·50; 4 Dall. 441; 2 Bibb, 273; 1 H. & M. 202; 1 McCord, 466; 2 Rand. 122; 1 Brown, 161.    And this rule this court now adopts.    For this reason, the judgment of the late district court is reversed, and the cause is remanded to the Racine county circuit court for the further action of that court.