## Blossom vs. Knox.

1. PLEADING. — A traverse is too large when it involves in the issue merely quantity, time, place or other circumstances which, though forming part of the allegation traversed, are yet immaterial to the merits; and, upon an issue found for a defendant upon such a traverse, he is not entitled to judgment.

Blossom vs. Knox.

2. COVENANT — MEASURE OF DAMAGES. — In an action upon a lease, by the lessee against the lessor, to whom the rent has been paid, where there has been a breach of the covenant for quiet enjoyment, the plaintiff's recovery will be limited to the rent paid and interest thereon.

(3 Chand., 295.)

ERROR to the County Court of *Milwaukee* County.

Action of covenant upon a lease made by *Blossom* to the plaintiff *Knox*, by which the former leased to the latter certain premises in the city of Milwaukee for the term of five years, at $200 per annum. There were no express covenants in the lease, but the plaintiff declared on it in two counts, as if it contained in form a covenant for quiet enjoyment, the breaches in the two counts being, in substance, that the plaintiff had demanded of the defendant possession of the premises under his lease, and that he neglected for a space of five months, etc., to put him in possession; that the plaintiff had not been permitted nor able peaceably and quietly to enjoy, etc., nor to take the rents and profits of said premises, but that one Geo. Sayer, at the time of making the lease, was in actual possession under a parol lease made by one Sheldon Thompson, he having full power and lawful authority to make it; that Sayer held possession under it during the time aforesaid, as he lawfully might by virtue of such lease; that he, Sayer, attorned to said *Blossom*, who received the rent from him during the time aforesaid. The defendant pleaded eight pleas. First. That the defendant had not, nor had any other person, hindered the plaintiff from entering, possessing and enjoying said premises, but that he could and might have peaceably and quietly entered and enjoyed the same, without let, hindrance or molestation from *Blossom* or any person lawfully claiming. The second and third pleas were similar to the first. The fourth was *non est factum*. The fifth was to the first count only, and to the effect that Sayer did not, at the time of making said lease, to wit: on the 17th day of February, 1849, and from thence for a long space of time, to wit: for five months then next following, at

said county of Milwaukee, have lawful right to the possession of said premises in said first count mentioned, and was not in actual possession of the same with the appurtenances, by virtue of a parol lease thereof made by and between said Sayer of the one part, and one Sheldon Thompson of the other part. The sixth plea is to the whole declaration, and denies that Sayer was in possession of the premises by virtue of a parol lease at any time after the 17th day of February, 1849, and denies that Sayer ever had any parol lease of said premises from said Thompson. The seventh plea is in substance that Thompson never made any parol lease to Sayer, and that Sayer was not in possession under such lease. The eighth plea avers that Thompson had no right or interest in the premises, or authority to make a parol lease.

At the trial, it appeared that *Knox* had paid *Blossom* for the rent of the premises during the period of time in question, and that he had sustained other damages by reason of not being able to move certain buildings on to the premises on account of being kept out of possession; that if he could have moved them, the premises would have been worth much more to him than the rent he had paid.

Upon the subject of the measure of damages, the county judge charged the jury that the measure of damages in this case is the damages which the plaintiff has actually sustained, and said " I know of no law or reason why the plaintiff is restricted to the amount of rent paid by him before the commencement of this suit, and seven per cent. interest thereon; but on the contrary, I believe it to be in accordance with justice, if you find the plaintiff was kept out of possession, that you should take into consideration the injury he sustained, by not being permitted to move his buildings on to said lot immediately after the execution of the lease; and that you should take into consideration all the circumstances of the case, and give the plaintiff, if you find for him, *such a sum as will make him whole.*"

The jury found the following verdict: " We find for the plaintiff the first, second, third and fourth issues, and assess his damages at the sum of sixty dollars ; and we find for the defendant the fifth, sixth, seventh and eighth issues."

And thereupon the defendant below moved the court to enter judgment in his favor for costs ; but the court overruled the motion, and entered judgment against him for damages and costs.

To reverse the judgment, he sued out a writ of error.

*Jason Downer*, for plaintiff in error, argued that the rent actually paid by *Knox* to *Blossom* before the commencement of the suit for the demised premises for the time he was kept out of possession, and interest, was all *Knox* could recover, if any thing; and the receiving of testimony, and the instructions of the court as to other damages was error. *Kinny v. Watts*, 14 Wend., 36 ; *Kelly v. Dutch Ch. Schenectady*, 2 Hill, 105 ; *Rich v. Johnson*, 1 Pin., 88 ; that the allegation of *Knox* in his declaration that he was kept out of possession by Sayer who was in lawful possession on the 17th day of February, 1849, by virtue of a parol lease made to him by Thompson, who had full right to make such lease, was a material allegation, and necessary to show that he was kept out by a paramount title; and the pleas traversing that allegation are material, and the jury having found on these issues for the defendant, the court erred in not entering judgment in his favor. *Grannis v. Clark*, 8 Cow., 36 ; Taylor's Landlord and Tenant, 315, 316 ;, 2 Hill, 105.

*S. Sea*, for defendant in error.

HOWE, J. The writ in this cause has brought before us the record of a judgment rendered in the county court of Milwaukee county, in an action upon the covenants of a certain lease executed by the plaintiff to the defendant in error.

Upon this record several errors are assigned, only two of which does it become necessary for us to notice.

The breaches assigned by the plaintiff below are traversed by eight pleas, the first four of which are denied, and the last four are affirmed by the verdict of the jury ; and upon this verdict the defendant below moved for judgment *non obstante.* The motion was overruled and that is the alleged error which we first notice.

We think the motion was properly denied. It is said, indeed, that the last four pleas answered the whole declaration, and being affirmed by the verdict the defendant was entitled to judgment thereon, notwithstanding the finding upon the other issues. But we are very clearly of opinion that those pleas do not answer the whole declaration, and it is to me quite doubtful if they will answer any material part of the declaration. On the contrary, I am inclined to regard the 5th, 6th, 7th and 8th pleas as admirable specimens of that kind of traverse which pleaders have characterized as faulty by reason of being too large.

A traverse is said to be too large when it involves in the issue, quantity, time, place or other circumstance, which, though forming part of the allegation traversed, are immaterial to the merits of the cause. 1 Chit. Pl., 621; Steph. Pl., 286.

These pleas do not put in issue merely the substance of the plaintiff's averment by denying simply the right of Sayer to occupy in manner and form, etc., but they deny his right to occupy for the time and under the "parol lease" as stated, neither of which circumstances seem to me material to the plaintiff's right of recovery, though the first might affect the amount of his recovery.

But however this may be, it is a sufficient answer to this motion, that the acts of the defendant himself are well assigned for a breach of his covenants as set up in the plaintiff's declaration. This breach is distinctly traversed by the defendant in the first four pleas, with great amplitude of form and expression. And the issue taken upon each of those pleas has been

found for the plaintiff. We cannot think the defendant was entitled to judgment against that finding.

But although we cannot for these reasons pronounce judgment for the defendant, we must reverse that entered for the plaintiff, because the rule given to the jury, by which to estimate the plaintiff's damages, was erroneous.

The doctrine of the courts of this country, as to the true measure of damages in actions of this nature, is not entirely harmonious. And it is not to be denied, that the rule submitted by the learned judge who tried this cause below is strongly fortified by the principles of abstract justice, and has received besides, the sanction of some judges of the very highest respectability.

But the weight of authority has approved another rule, to wit: that in actions for the breach of the covenants of seizin and warranty, the plaintiff's recovery will be limited by the consideration paid and the interest thereon; and to this rule this court has already yielded the sanction of its authority. *Rich v. Johnson*, 2 Pin., 88; see also *Staats v. Ten Eyck's Ex'rs*, 3 Caines, 111; *Pitcher v. Livingston*, 4 Johns., 1; *Kelly v. Dutch Ch., Schenectady*, 2 Hill, 105; *Bender v. Fromberger*, 4 Dall., 441.

The judgment of the county court is reversed and the cause remanded.