WITT VS. THE TRUSTEES OF THE GRAND GROVE OF THE UNITED ANCIENT ORDER OF DRUIDS and others.

*September 1 — September 19, 1882.*

DEED: MORTGAGE: REDEMPTION: IMPROVEMENTS. *(1) Deed absolute in form held to be mortgage: (2) Purchaser with notice not to be paid for improvements.*

REVERSAL OF JUDGMENT: *(3) Respondent not entitled to. (4) Exceptions by respondent available only to sustain judgment.*

1. Upon the evidence in this case (too voluminous to be here stated), it is *held* that the trial court properly found that all the transactions between the parties (including a conveyance absolute in form) were had for the purpose of securing the payment of a debt, and that the lands conveyed may be redeemed.

2. One who purchases land with notice of the equities of the real owner is not entitled to payment for improvements made without the express or implied consent of such owner, where there is no concealment of the latter's title or delay in the assertion of his rights.

3. A party who has not appealed from the judgment is not entitled upon an appeal by the opposite party, to a reversal of such judgment or of any part thereof.

4. The exceptions of the respondent in a case tried by the court or a referee are available, upon an appeal to this court, only so far as they may serve to sustain the judgment. *Maxwell v. Hartmann,* 50 Wis , 660.

APPEALS from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice Taylor:

"In this case there are two separate appeals taken from the judgment rendered in favor of the plaintiff — one by the *Grand Grove* and one by *Heinrich Conrad* and wife. This action was brought for the purpose of redeeming certain real estate situate in the city of Milwaukee, which the plaintiff claims to own, from a mortgage which he alleges the defendant, the *Grand Grove*, had on the same. *Conrad* is made a party defendant because he claims title to the lands in question, and is in possession thereof under a deed from the *Grand Grove*. The main facts in the case are briefly these: In August, 1879, the plaintiff, *Witt*, was the owner of and in possession of the lands in controversy, and on the 17th of that month the *Grand Grove* loaned to him $600, to be repaid in three years, with interest at eight per cent., to be paid semi-annually. The plaintiff gave his note to the *Grand Grove*, and a mortgage upon the real estate in dispute, to secure the payment of said $600 and interest. A large portion of the money loaned was expended by *Witt* in erecting a house on said lands. On March 1, 1880, *Witt* paid the sum of $20, and on May 4, 1880, $4, being the first six months' interest on the mortgage. He did not pay the next six months' interest when it became due. Some time in September, 1880, *Witt* being unable to pay a debt for materials furnished for the house erected on the mortgaged property, a lien was filed against the same, and proceedings taken to foreclose such lien. The premises were also sold for unpaid taxes. About this time some arrangement was made with the *Grand Grove* by which it was agreed that it would advance money sufficient to pay off the lien for such materials and the unpaid taxes, and take an absolute deed of the premises from *Witt* and wife, and then lease the premises to *Witt* for the term of one year, at a monthly rent of $20 per month, with a stipulation that if *Witt* paid the rent promptly

during the year, at the end thereof the *Grand Grove* would redeem the premises to him, and take a new mortgage for the original sum of $600. Under this agreement *Witt* and wife conveyed the premises to the *Grove* by an ordinary warranty deed, and remained in possession under the agreement to hold as tenant. *Witt* paid on this agreement $11, November 8, 1880, and $15, January 1, 1881, and no more. Subsequently to January 1, 1881, proceedings were taken by the *Grove* to oust *Witt* as a tenant, for the non-payment of his rent. In this proceeding judgment was obtained against him, and in May, 1881, a writ of restitution was issued in such proceedings, and *Witt* was turned out of possession. On the 20th of May, 1881, and before *Witt* was turned out of possession, the *Grand Grove* conveyed the premises to the defendant *Heinrich Conrad*, for a consideration of $1,000,— $600 of which was secured by mortgage on the premises conveyed. Immediately after *Witt* was turned out of the premises *Conrad* took possession thereof, and has remained in possession ever since. Shortly after the conveyance to *Conrad* the *Grand Grove* offered to the plaintiff the sum of about $160, that sum being the difference between the $1,000 received on the sale to *Conrad* and the amount then actually due to the *Grove* on the original loan of $600, and the money subsequently paid by the *Grove* for the said lien on the premises for materials, the unpaid taxes, with the interest thereon to the date of the conveyance to *Conrad*, and a small amount for expenses incurred. This money *Witt* declined to receive, and within a few days thereafter consulted counsel as to his rights in the premises, and on the 29th day of August, 1881, the complaint in this action was verified, and service of the same was made very soon thereafter. The evidence also shows that *Conrad*, before he purchased of the *Grand Grove*, knew that *Witt* was in possession of the premises in question, and he had some negotiations with *Witt* in regard to leasing the same of him, and that *Witt* claimed to have the

Witt vs. Trustees of Grand Grove of United Ancient Order of Druids.

right to lease the same. The deed to *Conrad* was executed and delivered while *Witt* remained in the actual possession of the premises.

"The defendant *Conrad*, in his answer, alleges that he is a *bona fide* purchaser, without knowledge of the rights claimed by the plaintiff, *Witt*, and that he has, since he became possessed of the premises, made permanent improvements thereon of great value. There was a large amount of testimony given on the trial for the purpose, on the one hand, of showing that the transaction between the parties which culminated in the conveyance of the premises by *Witt* and wife to the *Grand Grove* on October 6, 1880, was an absolute purchase of the equity of redemption by the *Grand Grove* from said *Witt*, and that the agreement then made with *Witt* was an agreement to resell the premises to him on the condition of his paying rent promptly at the rate of $20 per month for one year from the date of such conveyance, and giving a new mortgage at the end of the year for the sum of $600; and on the other hand, to show that such arrangement was simply to give security to the *Grove* for the further sums of money which it agreed to and did advance for the purpose of discharging the material man's lien and the unpaid taxes."

For the appellants there was a brief by *Cotzhausen, Sylvester, Scheiber & Jones*, and oral argument by *Mr. Cotzhausen*.

*J. C. McKenney*, for the respondent.

TAYLOR, J. After a careful consideration of the evidence we are unable to see that any questions of law involved in the case have been erroneously decided by the court below; and upon the question of fact there is certainly no such preponderance of evidence against the findings of the learned judge who tried the case as would justify this court in reversing such findings. Take the evidence as a whole, and it seems to us to preponderate in favor of the findings of the

trial court. We think it was properly found that all the transactions between the parties were had for the purpose of securing the payment of the debts due from *Witt* to the *Grand Grove*, and that there was at no time any intention on the part of either to vest an absolute and unconditional title to the property in the *Grand Grove*. The fact that after the sale was made to *Conrad* the *Grove* offered to pay over to *Witt* any surplus of the consideration above the sums actually due from *Witt* to it, with interest and expenses, is almost conclusive evidence that it was not understood, when the conveyance was made to the *Grove*, that it was to vest in it the absolute and unconditional title.

There are many other things in the evidence tending to disprove the right of the *Grove* to make any such claim in this case. The court having rightfully found that the respondent was entitled to the relief demanded, the judgment upon all the evidence was sufficiently favorable to defendants. The respondent is only allowed to redeem upon the payment of the full amount due from him to the *Grove*, with interest to the date of the judgment. It allows the respondent nothing for the use of the premises since *Conrad* was put in possession, in May, 1881; charges the respondent with the taxable costs of the appellants; and refuses him any costs of the action. The appellant *Conrad* complains that he was allowed nothing for his improvements on the premises. There are two answers to this claim: *First*, that he was not a *bona fide* purchaser, without notice of the respondent's equities, is we think clearly shown by the evidence; he is not, therefore, entitled to pay for improvements made without the express or implied consent or approval of the respondent. *Moore v. Cable*, 1 Johns. Ch., 385; 1 Story's Eq. Jur., §§ 388, 656. In this case there was no concealment of the respondent's title, or delay in asserting his rights, which could raise an equity in favor of *Conrad* to claim compensation for improvements. *Second*, the court has not charged him with

any rent for the use of the premises during his occupation thereof, which would be a partial, if not a full, compensation for such improvements. On the whole case we think the judgment must be affirmed as to all the appellants.

The respondent asks this court to reverse so much of the judgment as compels him to pay the costs of the appellants in the court below, and also to allow the respondent for the use and occupation of the premises, and have the value of such use deducted from the amount due the appellants. The record shows that the respondent excepted to the order of the court requiring him to pay the appellants' costs of the action. He has not, however, excepted to any findings of fact upon which this order of the court is founded, nor has he appealed from the judgment as finally entered against him upon that exception, but has complied with the terms thereof. The respondent does not appear to have taken any exception in the court below, because the court did not allow him for the use or occupation of the mortgaged premises, nor ask the court to make any finding in his favor, or otherwise, upon that subject. We think the respondent who has not appealed is not, upon an appeal from the judgment by the opposite party, entitled to reverse such judgment, or any part thereof. By his failure to appeal he must be held to have conclusively waived any errors committed by the court below which may have prejudiced his right to a more favorable judgment. It has been repeatedly held that, under the code, upon an appeal from a judgment tried by the court, or by a referee, this court does not retry the case upon its merits, except so far as is necessary to determine whether the trial court has committed any errors as to those matters excepted to by the appealing party; and the rule is the same whether the action be one which was formerly deno minated an equitable action or an action at law; and if none of the findings of fact are excepted to by the appealing party, this court will not look into the evidence to see whether they are

supported or not, but will simply determine whether the judgment entered is, as a matter of law, sustained by such findings.

We are not disposed to give any further effect to the exceptions of the respondent, upon an appeal to this court, than was suggested in the case of *Maxwell v. Hartmann*, 50 Wis., 660, viz., that the exceptions of the respondent, in a case tried by the court or a referee, "may be available so far as they may serve to sustain the judgment." See, also, *Stevens v. Millard*, 36 Wis., 83; *Pettigrew v. Evansville*, 25 Wis., 233, 234. To that extent it is reasonable to allow the respondent to avail himself of any errors appearing in the findings, and to which he has filed exceptions. To do that is not inconsistent with the position of the respondent in acquiescing in the judgment as rendered; but to go further, and allow him, on an appeal from a judgment with which he must be conclusively held to be satisfied, to avail himself of exceptions to reverse the same or any part thereof, seems to us inconsistent with his position in the case, and ought not to be allowed.

*By the Court.*— The judgment of the county court is affirmed.