## 258     SUPREME COURT OF WISCONSIN,

CONRAD, Appellant, vs. THE TRUSTEES OF THE GRAND GROVE OF THE UNITED ANCIENT ORDER OF DRUIDS, Respondents.

*September 26 — October 13, 1885.*

*(1) Tender to agent supposing him to be principal. (2) Breach of covenant of seizin: Measure of damages. (3) Tender: Unpaid notes for purchase money. (4) Payment to evictor by grantor for grantee. (5) Voluntary conveyance after eviction.*

1. A finding that a tender was made to the plaintiff is *held* to be sustained by evidence showing a tender to her husband, who was her agent, although the defendant made the tender to him supposing him to be the real party in interest.

2. In an action for breach of a covenant of seizin the measure of plaintiff's damages is the consideration paid for the land, and interest thereon from the date of payment, in lieu of mesne profits; the grantee being left to his remedy against the evictor who has established a paramount title, to obtain pay for improvements.

3. In such a case a tender of the money paid by the grantee and of the unpaid notes and mortgage given by him to secure deferred payments, is a sufficient tender.

4. After land had been conveyed by the defendant corporation to C., one W. obtained judgment establishing his title thereto as paramount. C. appealed from the judgment and gave an undertaking to pay W. the value of the use and occupation of the land pending the appeal, should the judgment be affirmed. Two of the defendant's officers, on its behalf, became sureties on such undertaking. The judgment was affirmed, and the defendant was obliged to pay W. $125 on such undertaking. *Held,* that such sum should be deducted from the amount of damages recoverable for the breach of the covenant of seizin in the deed to C.

5. The wife of a grantee of land, to whom, after his eviction, the lands have been transferred by voluntary conveyances, has no other or greater rights in an action against the grantor for the breach of the covenant of seizin, than such grantee himself would have had.

APPEAL from the Circuit Court for *Milwaukee* County. The defendants are trustees and the governing body of a corporation known as the Grand Grove of the United Ancient Order of Druids. On May 20, 1881, as such trustees,

and for and in behalf of such corporation, they conveyed two certain lots in the city of Milwaukee to one Heinrich Conrad, the husband of the plaintiff, with covenants of seizin, against incumbrances, and for quiet enjoyment. Conrad, the grantee, went into possession of the lots under his conveyance. The title of the corporation depended upon a conveyance of the lots to it by one Carl Witt, by a deed absolute on its face.

A few months later Witt commenced an action in the county court against the defendants, representing the corporation, and Conrad and his wife, to have his conveyance to the corporation declared a mortgage, and to redeem therefrom. He alleged that Conrad had notice of his equities when he took a conveyance of the lots. Such proceedings were had in the action that on November 29, 1881, the county court rendered judgment for Witt, adjudging his said deed to the corporation a mortgage, and his right to redeem the same by paying the amount of the mortgage debt, which was stated in the judgment. Witt having paid that amount into court for the use of the corporation, the defendants were decreed to reconvey the lots to him. The court also held that Conrad was not a *bona fide* purchaser, but that he purchased the lots with notice of Witt's equities, and decreed that the conveyance to him was null and void as against Witt, and vacated and set the same aside as to him, and ordered possession of the lots to be delivered to Witt.

March 6, 1882, two appeals were taken to this court from such judgment: one by the defendants, the other by Heinrich Conrad. The latter entered into an undertaking; with two of the principal officers of the order as sureties, conditioned to pay Witt the value of the use and occupation of the lots, pending his appeal, should the judgment be affirmed. The judgment of the county court was after-

wards affirmed (55 Wis. 376), and the corporation paid Witt for such use and occupation $125.

March 30, 1882, Heinrich Conrad conveyed the lots to one Kloepfel, who immediately conveyed the same to the wife of Heinrich, the plaintiff. These conveyances were in the form of warranty deeds, but were merely voluntary conveyances, without any valuable consideration therefor. They were, respectively, recorded in July and August of the same year.

October 6, 1882, Heinrich Conrad and his wife were forcibly evicted from the lots by virtue of the legal process issued in Witt's action. While they occupied the same they made permanent improvements thereon of the value of from $250 to $300, the most of which were made after Witt commenced his action.

The consideration which Heinrich agreed to pay for the lots was $1,000. He paid $400 at the time of purchase, and gave six notes of $100 each, secured by mortgage on the lots, for the balance. In May, 1882, he paid one of these notes, and the accrued interest on the others, amounting in all to $142. November 22, 1882, the defendant's trustees, as aforesaid, tendered to Heinrich $464.17; that being the $542 he had paid on the purchase price of the lots, and the interest thereon to the date of the tender, less $125 paid Witt for use and occupation of the premises by Heinrich and wife pending the appeals to this court, as before mentioned. At the same time they tendered to him his unpaid notes and the mortgage given to secure them. Heinrich refused to accept the tender, and it seems to have been kept good, and the amount tendered, with the securities, were deposited in court.

The plaintiff, *Mrs. Conrad,* brought this action to recover damages for the breach of the covenants of seizin and for quiet enjoyment, contained in the conveyance of the lots

executed by the defendants to Heinrich, her husband and grantor. The cause was tried without the intervention of a jury, and the court found substantially the facts above stated; also that the tender was made to the plaintiff as well as to her husband.

The conclusions of law which the court deduced from the above facts are as follows: "(1) That the plaintiff is entitled to no greater an amount of damages than the amount tendered prior to suit and now on deposit with the clerk of court;" and "(2) that the defendants are entitled to judgment dismissing the complaint of plaintiff on its merits, with costs of suit, which judgment shall be entered as of the term the cause was tried."

Judgment for the defendants was entered accordingly, dismissing the complaint, with costs. The plaintiff appeals from the judgment.

For the appellant there was a brief by *Johnson, Rietbrock & Halsey*, and oral argument by *Mr. Johnson*.

For the respondents there was a brief by *Cotzhausen, Sylvester, Scheiber & Sloan*, and oral argument by *Mr. Cotzhausen*.

LYON, J. The errors assigned relate only to the sufficiency of the tender. It is alleged that the same was not made to the plaintiff, but only to her husband; and, further, that the sum tendered was too little, in that money should have been tendered instead of the notes and mortgage executed by the plaintiff's husband to the defendants for part of the price of the lots in question; that the $125 paid by the defendants to Witt for use and occupation of the lots, pending the appeal in his case to this court, should not have been deducted from the sums paid them by the plaintiff's husband on account of the lots; and that the tender should have included the value of permanent improvements made upon the lots by the plaintiff and her husband. These prop-

ositions will be considered and briefly discussed in their order.

1. The trial court found that the tender was made to the plaintiff and also to her husband. The finding that it was made to the plaintiff is challenged for the alleged reason that there is no testimony to support it. Looking into the bill of exceptions we find that the plaintiff herself testified that during the year 1882, after she took her conveyance, her husband was her agent in relation to the lots. This testimony seems to be unqualified and undisputed. We think it sufficient to support the finding thus challenged. True, when the tender was made, the defendants had no actual notice that their grantee, Heinrich Conrad, had assigned his right of action for a breach of the covenants in his deed, and supposed he remained the real party in interest; yet, inasmuch as he represented the real party in interest (the plaintiff), the tender to him operated as a tender to her, and she is bound by it.

Moreover, the testimony tends to show that the plaintiff was present when the tender was made, and neither objected thereto nor asserted her right to the damages for such breach of the covenants in her husband's deed. She testified at great length as a witness in her own behalf, but failed to deny that she was so present and knew all about the tender. We should hesitate to disturb a finding that she was so present and knew of the tender, and is estopped, by such knowledge and by her silence when she ought to have spoken, to now assert that the tender was insufficient because made to her husband alone.

2. Was it competent for the defendants to tender or offer to return the unpaid notes and mortgage of their grantee, given for a portion of the price of the lots? or were they bound to tender in cash the amount unpaid on such notes?

The consideration named in the deed to Heinrich is $1,000. Notwithstanding the receipt of that sum is ac-

knowledged therein by the usual formula, the proof is conclusive that Heinrich paid but $500 of that sum, leaving a like sum evidenced by his notes and mortgage unpaid; so when the securities were offered to be returned to him, and the money he had paid and interest thereon was offered to him, full indemnity for all he had paid on account of the lots was thereby tendered. That is all the law requires. We should have been greatly surprised had the industrious counsel for the plaintiff found a single case to the contrary. But he has not. There would be neither equity nor reason in requiring the defendants to treat the notes of Conrad in their hands as so much cash received by them, for the purposes of a valid tender, thus compelling them to take the chances of collecting the notes when due, and after the mortgage security had entirely failed with the failure of their title to the lots.

The point is made that the tender of the securities was defective in that the notes were not canceled, nor a release of the mortgage tendered. We suppose that the delivery of the notes to the maker, with the mortgage, and the decree of the court divesting entirely the title of both the mortgagor and the mortgagee to the lots, operate as a pretty effectual cancellation of the notes and release of the mortgage. Besides, no objection was made to the tender because it was not accompanied by an offer of such cancellation and release.

3. The remaining assignments of error go to the rule of damages. They raise the question whether the defendants should be allowed the $125 they paid for the use and occupation of the lots pending the appeal of Witt's case to this court, and whether the plaintiff can recover in this action the value of the permanent improvements which she and her grantor placed upon the lots.

In an action for a breach of the covenant of seizin, the measure of plaintiff's damages is the consideration paid for

the land, and interest thereon from the date of payment. This rule is nearly or quite universal. In an action for a breach of the covenant for quiet enjoyment, the rule is not so uniform, but in many, probably most, of the states it is the same as in actions upon the covenant of seizin. Rawle, Cov. 242, and cases cited in notes. That rule of damages was adopted in this state in the early case of *Blossom v. Knox*, 3 Pin. 262, decided in 1851. We are not aware that it has since been changed or its accuracy questioned by this court. It seems to us that the rule as thus established rests upon a sound basis, and is the better and safer rule. We must, therefore, adhere to it until changed by the legislature. See *Messer v. Oestreich*, 52 Wis. 684, and cases cited in the opinion by Mr. Justice CASSODAY; *McInnis v. Lyman*, 62 Wis. 191; *Lawton v. Howe*, 14 Wis. 241.

The rule thus established excludes both mesne profits and the value of permanent improvements as elements of damages. It gives the evicted covenantee interest on the consideration money he has paid, instead of mesne profits, and leaves him to his remedy against the evictor who has established a paramount title, to obtain pay for his improvements. Conrad sought this remedy in Witt's action, but failed to obtain pay for his improvements because he had notice of Witt's equities when he made them. 55 Wis. 376.

The payment to Witt of the $125 was not a voluntary payment. The two principal officers of the corporation represented by the defendants became security on the appeal of Heinrich Conrad for the payment thereof in case the judgment appealed should be affirmed. They did this in their own names, it is true, but for and in behalf of and at the request of the corporation, which was the real surety. The judgment was affirmed, and the defendants paid the money out of the funds of the corporation, as in justice and equity they were bound to do. We have already seen that the plaintiff's husband was primarily liable for the

amount. Hence, in assessing his damages for the breach of his covenants, the amount should be allowed to the defendants. It was therefore properly deducted in the tender from the amount the covenantee had paid for the lots. The plaintiff stands in no better or different position than would her husband had he never made a conveyance of the lots and were he the plaintiff in the action instead of his wife.

We have no question here of the liability of the defendants for the costs and expenses of the covenantee in Witt's action. These were all paid by the defendants, as were also the mesne profits down to the time Conrad took his appeal to this court.

We conclude that none of the alleged errors are well assigned, and must therefore affirm the judgment of the circuit court.

*By the Court.*— Judgment affirmed.