(98 N. W. Rep. 411.)

---

ANNA M. KICKS, ADMINISTRATRIX OF THE ESTATE OF JOHN H. KICKS, DECEASED, *v.* STATE BANK OF LISBON.

Opinion filed February 1, 1904.

**Vendor and Purchaser—Recovery of Money Paid on Contract.**

1. On a vendor's breach of a contract to convey land after payment therefor out of crops raised thereon, the vendee may recover the money paid on such contract as money had and received.

**Measure of Damages on Breach of Contract.**

2. As a general rule, the measure of damages in such a case is the money paid on the contract, with interest if the vendor retains possession, and without interest if the vendee has possession.

**When Vendee Is Not in Default, Tender Unnecessary.**

3. In such a case, if the vendee has fully complied with the contract by turning over the prescribed share of the annual crops, and is

not in default, a tender of the unpaid purchase price is not necessary before commencement of an action to recover the money paid.

### Waiver of Default—Promptness in Cancellation.

4. Nonpayment of taxes by the vendee, as required by the contract, is no defense to an action for money had under such a contract, as defendant has waived such nonpayment by not promptly canceling the contract on that ground.

Appeal from District Court, Ransom county; *Lauder,* J.

Action by Anna M. Kicks, administratrix of John H. Kicks, against the State Bank of Lisbon. Judgment for plaintiff, and defendant appeals.

Modified.

*Rourke & Kvello,* for appellant.

The proper measure of damages, where the vendor has failed to fulfill his part of the contract is "the money paid with interest, less the value of the use and occupancy of the land." *Todd* v. *McLaughlin,* 84 N. W. Rep. 146.

Respondent being first in default, cannot recover. *Aikman* v. *Sanborn,* 52 Pac. Rep. 729; *Arnett* v. *Smith,* 11 N. D. 55, 85 N. W. Rep. 1037; *Maloy* v. *Muir,* 86 N. W. Rep. 916.

The purchaser before beginning action must offer to perform on her part, or show that at the time performance was due on the part of the vendor, it could not furnish a good title to the land. *Joyce* v. *Shaffer,* 32 Pac. Rep. 320; *Townsend* v. *Tufts,* 30 Pac. Rep. 528; *Senate* v. *Sheehan,* 27 Minn. 328; *Way* v. *Johnson,* 58 N. W. Rep. 552.

Neither the conveyance to a third person by the vendor, nor allowing his title to be lost by foreclosure, will justify the vendee in treating the contract as abandoned before the time for performance by the vendor has arrived. Vendee must offer to perform or show that when performance was due, the vendor could not furnish title. *Gaberino* v. *Roberts,* 41 Pac. Rep. 857; *Pate* v. *McConnell,* 18 So. Rep. 98; *Ziehan* v. *Smith,* 42 N. E. Rep. 1080.

Where vendor fails to perform his contract, or renders himself unable to, it is not a rescission, but affords ground for rescission by the vendee. The purchaser cannot rescind if he is first in default. *Aikman* v. *Sanborn,* 52 Pac. Rep. 729; *Aikman* v. *Murphy,* 55 Pac. Rep. 1099.

Before vendee can recover money paid on contract for the purchase of land, he must show performance on his part, a tender of the amount to the vendor under the contract, or a rescission by the parties. *Way* v. *Johnson, supra.*

When one party to a contract has partly performed it, and then refuses further performance, the other party being ready and willing to perform, cannot recover for what has been advanced. *Ketchum* v. *Evertson,* 7 Am. Dec. 384.

A vendee voluntarily in default cannot recover money paid on contract. *Satterlee* v. *Cronkhite,* 72 N. W. Rep. 616.

Conveyance of the land by the vendor, before the time of performance, is not a breach of the contract. *Garbarino* v. *Roberts,* 41 Pac. Rep. 187.

*M. A. Hildreth,* for respondent.

Previous default in payment of interest or taxes on the part of vendee is waived by the vendor by his subsequent acceptance of payment. *Fargusson* v. *Talcott et al.,* 7 N. D. 183, 73 N. W. Rep. 207; *Buckholz* v. *Leadbetter,* 11 N. D. 473, 92 N. W. Rep. 830.

Offer of performance by vendee was not required when vendor had by its own acts made performance unnecessary. *Wilhelm* v. *Fimple,* 31 Ia. 131, 7 Am. Rep. 117; *Bennett* v. *Phelps,* 12 Minn. 326; *Warner* v. *Lockerby,* 28 Minn. 30; *Herrick* v. *Newell,* 51 N. W. Rep. 819.

If the vendor of real estate, under an executory contract, is unable to perform on his part, at the time provided by the contract, a formal tender or demand on the part of the vendee is not necessary in order for him to maintain an action to recover the money paid on the contract or for damages. *Hudson* v. *Swift,* 20 Johns. 24; *Fuller* v. *Hubbard,* 6 Cow. 13; *Greene* v. *Greene,* 9 Cow. 47; *Hartley* v. *James,* 50 N. Y. 38; *Bigler* v. *Morgan,* 77 N. Y. 312; *Burwell* v. *Jackson,* 9 N. Y. 547; *Borgardas* v. *N. Y. Life Insurance Co.,* 101 N. Y. 328, 4 N. E. Rep. 522; *Tamsen* v. *Schaefer et al.,* 108 N. Y. 604, 15 N. E. Rep. 731; *Zeihen* v. *Smith,* 148 N. Y. 558, 42 N. E. Rep. 1080; *Cooke* v. *Daggett,* 2 Allen 439; *Trinkle* v. *Reeves,* 25 Ill. 214; *Richards* v. *Allen,* 17 Me. 296; *Smith* v. *Lamb,* 26 Ill. 396; *Appleton* v. *Chase,* 19 Me. 74; *Colville* v. *Besly,* 2 Denio. 139; *Greene* v. *Greene,* 9 Cow. 47; *Selleck* v. *Tolman,* 87 N. Y. 106; *Page* v. *McDonald,* 55 N. Y. 299; *Lawrence* v. *Miller,* 86 N. Y. 131; *Dennis* v. *Strassburger,* 89 Cal. 583, 26 Pac. Rep. 1070; *Phelps*

v. *Brown,* 95 Cal. 572, 30 Pac. Rep. 774; *Drew* v. *Pedlar et al.,* 87 Cal. 443, 25 Pac. Rep. 749; *Scott* v. *Glenn,* 87 Cal. 221, 25 Pac. Rep. 405; *Easton* v. *Montgomery,* 90 Cal. 307, 27 Pac. Rep. 280; *Anderson* v. *Strassburger,* 92 Cal. 38, 27 Pac. Rep. 1095.

The usual rule of damages on failure of vendee to take the property purchased is the difference between the actual contract price and the actual value of the land at the time of the breach. *Drew* v. *Pedlar,* 87 Cal. 443, 25 Pac. Rep. 749.

Where there is a rescission or abandonment of a contract, either by the parties or by operation of law, the vendee is clearly entitled to recover what was paid under the contract so rescinded. *Tice* v. *Zinnser,* 13 Hun. 366; *Bohall* v. *Diller,* 41 Cal. 433; *Shively* v. *Semi-Tropic M. and W. Co.,* 99 Cal. 259, 33 Pac. Rep. 848; *Merrill* v. *Merrill,* 103 Cal. 287, 35 Pac. Rep. 768, 37 Pac. Rep. 392; *Glock* v. *Howard & Wilson Colony Co.,* 123 Cal. 1, 55 Pac. Rep. 713, 69 Am. St. Rep. 17.

MORGAN, J. In December, 1892, John H. Kicks and the State Bank of Lisbon entered into a contract for the sale of eighty acres of land in LaMoure county under the crop payment plan. Said Kicks died soon thereafter, and the plaintiff, Anna M. Kicks, succeeded to all his rights under said contract, after a due administration of his estate. The price to be paid to said bank for the land was $800, with 8 per cent interest on deferred payments. At the time the contract was entered into the land was wild land, without any house or improvements thereon. Under the contract forty acres were to be broken in 1893, and the balance in 1894. Forty acres were broken in 1893, thirty acres in 1894, and ten acres in 1895. There was no house on the land, and plaintiff lived on adjoining land in a house thirty rods from the land in suit. Payment was to be made by turning over to the bank one-half of the crop raised each year, and credit was to be given on the contract for such sum as the crop turned over amounted to at the then market price. Taxes were to be paid by the plaintiff. The bank agreed in the contract to execute and deliver to Kicks a good and sufficient warranty deed of said land upon full payment of said sum of $800 and interest. Time was not of the essence of the contract, by express terms or otherwise. The plaintiff farmed the land up to and including the year 1900, and made payments on the contract, aggregating $557.27, by turning over one-half of the crops raised. Taxes were paid by plaintiff during three years, aggregating $32.35.

When the contract was entered into there was a mortgage on the land. This mortgage was not mentioned during the negotiations nor in the contract. In December, 1899, this mortgage was foreclosed, and in December, 1900, a sheriff's deed was issued under the mortgage sale to the mortgagee, as no redemption was made by the bank from such sale. This mortgage included in it other lands than the eighty acres in suit, and the total amount for which the sale was made was over $6,000. The plaintiff rented the land from the owner, under the sheriff's deed, for 1901, and after that year had nothing more to do with the land. This action is brought to recover the money paid by her on the contract and for the amount paid for taxes, as money had and received under the contract. The answer alleges, (1) a forfeiture of said contract by plaintiff's failure to pay taxes thereon since 1895; (2) a forfeiture of said contract by plaintiff's failure to turn over to it the proceeds of the 1900 crop; (3) a counterclaim growing out of the plaintiff's use of the land from 1892 to 1899. The trial court ordered judgment for the plaintiff for the sums paid, with legal interest thereon from date of payment. Defendant appeals from the judgment, and requests a review of the entire case.

It is contended by the appellant that the plaintiff cannot recover in this action, for the reason that she forfeited all rights under the contract by failure to pay the taxes after the year 1895. The taxes were not paid by the bank, but by the mortgagee, to protect his security. The bank received the proceeds of the crops up to and including the year 1899, and no action was taken by it to forfeit the contract on account of such nonpayment of the taxes for those years. The bank accepted the proceeds of the crops unconditionally, without suggestion that the taxes had not been paid, and without paying them itself and deducting from the credit given on the contract the amount paid, as it had done on two previous years. Under prior decisions of this court, it cannot now claim such nonpayment as a ground for forfeiting the contract. If it desired to cancel the contract on this ground, it should have moved promptly, and by failure to do so the default was waived. *Fargusson v. Talcott,* 7 N. D. 183, 73 N. W. 207; *Buckholz v. Leadbetter,* 11 N. D. 473, 92 N. W. 830; *Ross v. Page,* 11 N. D. 458, 92 N. W. 822; *Russell v. Timmins,* 13 N. D. —, 99 N. W. 48.

It is further claimed by appellant that plaintiff is barred from recovering in this action, because no tender was made of the

unpaid purchase money, and no deed was demanded before the action was commenced. That the demand and tender were not made is true, nor could a tender of the balance to become due be made. That balance was not due until realized out of the land by raising crops thereon. The plaintiff had fully performed the contract by turning over one-half of the crop for each year up to 1900, and was not, therefore, in default. No tender could therefore be claimed before the suit was commenced, under the terms of the contract. All the terms of the contract had been performed up to the time of the foreclosure. The defendant had permitted its title to become vested absolutely and beyond redemption in another. The bank had no right to the unpaid purchase money, as it had permitted its title to vest in another. As a matter of law, a tender would not have changed the status of the parties in reference to the contract. Their rights had been determined by the action of the defendant in abandoning the contract and the land. A tender would therefore have been ineffectual and useless. *Ziehen* v. *Smith,* 148 N. Y. 558, 42 N. E. 1080; *Wilhelm* v. *Fimple,* 31 Iowa, 131, 7 Am. Rep. 117; *Richards* v. *Allen,* 17 Me. 296; *Hartley* v. *James,* 50 N. Y. 38; *Burwell* v. *Jackson,* 9 N. Y. 535; *Hawkins* v. *Merritt* (Ala.) 19 South. 589; *Smith* v. *Lamb,* 26 Ill. 396, 79 Am. Dec. 381. 2 Warvelle on Vendors, section 925, lays down the rule as follows: "Yet, if the vendor does not possess the title to the bargained property, and for that reason is unable to comply with the terms of the contract, the vendee becomes absolved from any duty or obligation thereunder. He need not tender the balance due, for the law requires no useless ceremony, and, if it appears that the vendor was not entitled to and could not receive the unpaid purchase money, he has no right to claim a tender of the same. The vendee in such cases has a right to repudiate the contract as forfeited by the vendor, and to recover the money paid on the same as for money had and received." By allowing the foreclosure to ripen into a perfect title, the defendant violated its contract, and placed it beyond its power to comply with it. Such was the situation when the plaintiff ignored the defendant's contract and rented the land from the owner. The conduct of the plaintiff and defendant constituted a rescission of the contract. The defendant abandoned the contract by not redeeming. The plaintiff abandoned the contract by suing to recover what was paid under it. What was said in *Bannister* v. *Read,* 1 Gilman, 99, applies here: "The breach of one party

may be treated by the other as an abandonment of the contract, authorizing him, if he chooses to do so, to disaffirm it; and thus the assent of both parties to the rescission of the contract is sufficiently manifested; that of the one by his neglect or refusal to perform his part of the contract, and of the other by his suing, not for the breach, but for the value of any act done or payment made by him under the contract as if it had never existed." See also, *Baston* v. *Clifford,* 68 Ill. 67, 18 Am. Rep. 547. The contract, therefore, stands by the acts of the parties as rescinded, as a matter of law, and plaintiff is entitled to recover what she paid on the contract while in force. The failure of the defendant to redeem from the sale, and the issuing of a deed upon the sale, justify the conclusion of its intention to abandon the contract, or its inability or unwillingness to abide by it. The plaintiff cannot be held without remedy in this case for the reason that she did not remain in possession until she had fully paid the price of the land from crops raised thereon and then rely on a stranger to her contract for title. She did not live upon the land. Her possession was for purposes of cropping the land only. The owner under the foreclosure deed had a right to go into actual possession at any time, and plaintiff's contract would give her no rights as against such purchaser. She could not defend nor maintain an action as against such owner. Even if in actual possession and residing upon the land, the defendant's course amounted to a constructive eviction of her from the premises. Having lost the possession of the land and her interest in the land through defendant's wrongful violation of the contract, she is entitled to recover what she paid on the contract as moneys had and received.

Has the defendant a right to have its counterclaim for the use of the land by plaintiff under the contract allowed? The trial court disallowed the counterclaim, and gave plaintiff judgment for the sums paid by her, with 7 per cent interest from the date of payment. The measure of recovery in this class of actions is a matter of diverse holding, and difficult of adjustment so as to accomplish the end to be attained—to do justice between the parties by placing them in the same situation as they were in when the payments were made. A recovery is permitted against the defendant for the money received by it, on the ground that it would be unjust for it to enrich itself by retaining money paid under a contract which it had violated. On the other hand, plaintiff has

received benefits under the contract by the possession of the premises for years. The object to be sought by the judgment in the case is to place the parties, as nearly as possible, in *statu quo.* If no possession is gained under the contract, and money has been paid, the general rule of damages in this class of actions is the money paid, with interest. If possession be taken by the vendee under the contract, and such possession be a benefit, some cases allow the benefit of such possession to be counterclaimed as against the money paid. *Todd* v. *McLaughlin* (Mich.) 84 N. W. 146; *Baston* v. *Clifford,* 68 Ill. 67, 18 Am. Rep. 547. The general rule, however, is that interest on the purchase money paid and the use of the land under the contract shall offset each other. In case the whole purchase price is paid when possession is taken, this rule does justice between the parties while possession continues. 2 Warvelle on Vendors (2d Ed.) p. 229, indorses such a rule, and says: "When a contract for the sale of land which the purchaser has paid for' and was put in possession of is rescinded for causes free from fraud, the use of the money and the use of the land are held to balance each other. The decree should in general restore the money to the purchaser without interest, and the land to the vendor without rents and profits. But if the purchaser has made valuable and lasting improvements on the land, or if it has suffered in his hands through neglect or mismanagement, then these things are the subject of valuation, account, and final settlement by the decree." *Worrall* v. *Munn,* 38 N. Y. 137. See, also, Sutherland on Damages (2d Ed.) section 589, p. 1312; 3 Sedgwick on Damages (8th Ed.) section 981; Rawle on Covenants (5th Ed.) section 196; *Harding* v. *Larkin,* 41 Ill. 413; *Hutchins* v. *Roundtree,* 77 Mo. 500; *Flint* v. *Steadman,* 36 Vt. 210; *Conrad* v. *Trustees,* 64 Wis. 258, 25 N. W. 24; *Williams* v. *Rodgers,* 2 Dana, 375; *Baxter* v. *Ryerss,* 13 Barb. 267; *Fernandez* v. *Dunn,* 19 Ga. 497, 65 Am. Dec. 607; *Click* v. *Green,* 77 Va. 827; *Spring* v. *Chase,* 22 Me. 505, 39 Am. Dec. 505. Section 4981, Rev. Codes 1899, lays down the rule that: "The detriment caused by the breach of a covenant of seizin, of right to convey, of warranty or of quiet enjoyment in a grant of an estate in real property is deemed to be, (1) the price paid to the grantor; * * * (2) interest thereon for the time during which the grantee derived no benefit from the property not exceeding six years." The actions contemplated by this section are analogous to this action. If benefits derived from possession are to balance

interest in these actions, it seems that no distinction can be made as to recovery in actions for money had and received under the contract. Some of the cases cited above are actions for damages for a breach of covenants, wherein the principle declared by this statute is followed. Hence they apply in this case, in view of the similarity of the actions with the one here considered. These cases are also authority for the principle that, if the vendee in a contract becomes liable to the holder of a paramount title for the rents and profits of the land, interest on the purchase price paid is recoverable. These cases also show the difficulty in this class of actions in measuring the rights of the parties by a general rule, without in some cases doing some injustice to one or the other of the parties; that to attain the object sought, that of placing each party in the same condition as when the contract was made, each case is often considered upon its own facts. In this case the whole of the purchase price of the land was not paid by the vendee, and hence the rule that interest on the purchase price shall balance the value of the use of the land does not fully compensate the defendant for the use of his land. But the plaintiff, while breaking and preparing the land for crops, received no benefit from the land as a matter of fact. She did not receive the full beneficial use of the land as a residence during any of the time. To allow her the use of the land, and the defendant the use of the money without interest, is as practical and just an adjustment of the mutual rights of the parties as can be made under the evidence submitted in the case. To allow her interest on what she paid and the free use of the land would not be such an adjustment as contemplated by the rule that the parties are to be placed in *statu quo*. *Taylor* v. *Porter,* 25 Am. Dec. 158.

The district court is directed to modify its judgment by disallowing interest on the sums paid and order judgment in plaintiff's favor for the payments actually made, towit, $585.62. The plaintiff will recover costs.

Modified and affirmed. All concur.