## HOGAN et al. v. BECHTEL.

Where the vendor has refused to be bound by the contract, and by his words or conduct has abandoned or rescinded it, the vendee need not tender performance in order to recover a part payment: Civ. Code, § 1176, providing that a refusal by a creditor to accept performance made before an offer thereof is equivalent to an offer and refusal, unless before performance is actually due he notifies the debtor of his willingness to accept it.

An assignment of error in directing a verdict for plaintiffs in an action by H. and H. to recover a part of the price paid under an executory contract to sell land held not to raise the question on appeal that under the evidence it appeared that the amount received by defendant was paid by H. Bros.

That a check given as a part of the price of land purchased by H. and H. was signed "H. Brothers" was immaterial upon the purchaser's right to recover such payment on the vendor's default; the payment being a valuable consideration, and being received as a part of the purchase price.

Under an assignment of error raising the question of whether or not the evidence is uncontradicted for one party, appellant cannot argue that the testimony is conflicting.

Upon mutual rescission of a contract for the purchase of land, the purchaser could recover in an action for money had and received a sum paid as part of the price.

(Opinion filed, Feb. 15, 1911.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by William D. Hogan and another against George Bechtel. From a judgment for plaintiffs, defendant appeals. Affirmed.

*Taubman & Williamson,* for appellant. *A. W. Campbell,* for respondents.

WHITING, J. This action was brought by the plaintiffs to recover money which they claimed to have paid defendant as part purchase price of some land. The complaint sets forth the entering into a contract for the purchase of said land, under the terms of which plaintiffs were to pay $3,000 in cash, and give notes and mortgages for the balance due, plaintiffs to have until December 1, 1909, to close said contract; $500 of the purchase price being paid the day of contract, to-wit, September 7, 1909. It is further alleged that plaintiffs have at all times been ready, able, and will-

ing to carry out the conditions of said contract on their part, but that the defendant has at all times refused and still neglects to perform the contract on his part or convey the land as agreed, and has expressly declined and refused to perform said contract, that plaintiffs have demanded that defendant repay the said sum of $500 so paid to him, and that defendant has refused and neglected, and still refuses and neglects, to repay the sum, wherefore plaintiffs demand judgment for said $500. The answer was a general denial. Upon the trial, which was had before a jury, defendant objected to any evidence under the complaint claiming that said complaint did not state a cause of action. This objection was overruled. At the close of all the testimony the plaintiffs asked for directed verdict, which request was granted over defendant's objection. Judgment upon said verdict having been entered in favor of plaintiffs, the defendant has appealed therefrom.

The appellant in his brief has abandoned some of the assignments of error found in the abstract, and the only assignments demanding our attention are the following:

"(1) The court erred in granting the motion of the plaintiffs at the close of defendant's case for a directed verdict in favor of plaintiffs, for the following reasons: (1) There was no evidence showing, or tending to show, that the plaintiffs ever advanced any sum whatever to the defendant, or that the defendant was in any way indebted to the plaintiffs. (2) The uncontradicted evidence in the case showed that Hogan Bros. were in default, and that the defendant was not in default. (3) That there is no evidence to sustain the allegations of the complaint. (4) That, if the defendant received any money from Hogan Bros., the same was in the shape of a voluntary payment without any agreement, express or implied, that the same should be repaid. * * *"

"(6) The court erred in overruling the objection to the introduction of evidence under the complaint for the reasons stated in the objection."

Did the court err in admitting evidence under the complaint herein? It is the contention of the appellant, and it appears to have been the theory upon which appellant tried this case, that it

would be absolutely essential to respondents' right of recovery that they should allege and prove, not only their readiness and ability to perform their part of the contract, but, further, an offer upon their part to perform, and that it was therefore necessary for them to allege the tender of, the balance of the $3,000 and the notes and mortgages agreed to be given. There can be no question but that where the vendor has neither rescinded nor abandoned the contract, even though he may have failed to comply with the terms thereof within the time named in the contract, in order to put the vendor in default so as to entitle the vendee to bring an action for specific performance of the contract, or an action to recover moneys paid on the contract, the said vendee would be bound to prove, and therefore should allege in his complaint, an offer of performance upon his part; but this rule has no application where the vendor by his words or conduct has abandoned or rescinded the contract, and, whenever it appears that the vendor absolutely refuses to be bound further by the contract or to comply with the terms thereof, the vendee is released from any duty of tender or performance upon his part prior to bringing an action. The refusal of the vendor to perform and the demand for repayment of the money by the vendee constitute a mutual rescission of the contract. This result follows from the provisions of section 1176 of the Revised Civil Code of this state: "A refusal by a creditor to accept performance, made before an offer thereof, is equivalent to an offer and refusal, unless, before performance is actually due, he gives notice to the debtor of his willingness to accept it." See, also, McPherson v. Fargo, 10 S. D. 611, 74 N. W. 1057, 66 Am. St. Rep. 723; Kicks v. State Bank, 12 N. D. 576, 98 N. W. 408. In this last case the court quotes the following from the case of Bannister v. Read, 1 Gilman (Ill.) 99: "The breach of one party may be treated by the other as an abandonment of the contract, authorizing him, if he chooses to do so, to disaffirm it, and thus the assent of both parties to the rescission of the contract is sufficiently manifested; that of the one by his neglect or refusal to perform his part of the contract, and of the other by his suing, not for the breach, but for the value of any act

done or payment made by him under the contract as if it had never existed." The complaint herein clearly stated a cause of action and there was no error in the receipt of the evidence under such complaint.

Considering the reasons assigned by appellant why the court should not have directed a verdict, we would state that the evidence was direct and uncontradicted to prove that plaintiffs paid and defendant received $500 upon the purchase price of the land. There is absolutely nothing in this assignment to suggest in the remotest degree the claim which is argued in appellant's brief, to-wit, that under the evidence it appears that the $500 which appellant admits receiving was paid by Hogan Bros. This assignment could well be overruled, for the reason that it was not specific enough to direct the attention of this court to the point now argued, but, even if it had been specific, there is no merit in the contention. There was no claim made nor evidence that the plaintiffs as a partnership entered into the contract in question and made the payment. The mere fact that the check delivered and received in payment was signed "Hogan Brothers," even if, as was probably the fact, "Hogan Brothers" were the same parties as the plaintiffs, was immaterial, as there was no difference in legal effect in giving such check than if the plaintiffs had delivered to defendant a check given by "Brown Brothers" or "Jones Brothers." It was a valuable consideration received by appellant from respondents, and the money drawn thereon came to appellant as part purchase price on the land in question.

The assignment to the effect that the uncontradicted evidence in the case shows that respondents were in default and appellant not in default could also be disposed of upon the ground that it is absolutely insufficient upon which to base the claim made in appellant's brief. It is strenuously argued in the brief that the court erred in directing a verdict in favor of the respondents, not because the evidence was uncontradicted in favor of the appellant, and that therefore the defendant would be the party entitled to a direction, if either, but because there was a conflict of testimony upon this question which should have been submitted to the jury.

We do not believe counsel should be allowed to present to the court an assignment which merely requires the court to determine whether or not the evidence is uncontradicted in favor of one side, and then urge before the court that there is a conflict of testimony; but, waiving this point and considering the questions sought to be raised in the brief, it appears that the contention of appellant is that one Moulton through whom the contract in question was negotiated, was the agent of the respondents and not of the appellant, and that, therefore, certain representations, which appellant claims were made to him by Moulton and by a party sent to him by said Moulton, rendered the contract such that according to its terms respondents were in default before appellant refused to convey the land. We have carefully examined the evidence, and it clearly appears therefrom, by the testimony of appellant himself, that Moulton was at all times the agent of appellant, and therefore respondents were in no manner bound by any representations made by Moulton or his emissary, even if such representations would otherwise have affected the terms of the contract. Treating Moulton as agent of appellant, there is absolutely nothing to appellant's claims herein, because it clearly appears that within the time in which respondents were entitled to perform their part of the contract the appellant refused to be bound thereby, and, though he was advised that the respondents were ready, able, and willing to carry out the contract on their part, he absolutely refused to make the conveyance.

What we have said above disposes of the assignment to the effect that there was no evidence to sustain the allegations of the complaint. Referring to the remaining assignment, would state that it appears, as heretofore stated, that the $500 was paid and received as a part of the agreed purchase price of this land, and therefore, upon the mutual rescission of said contract, the respondents were clearly entitled to recover the same under an implied contract for money had and received.

The trial court committed no error in receiving evidence under the complaint, and in directing a verdict in favor of the plaintiffs, and the judgment of said court is affirmed.