[No. 11838.  Department Two.— May 22, 1889.]

## DASHAWAY ASSOCIATION, APPELLANT, v. DANIEL ROGERS ET AL., RESPONDENTS.

VENDOR AND PURCHASER — RECOVERY BACK OF DEPOSIT — PRINCIPAL AND AGENT — PLEADING — PARTIES. — When a vendor assumes to convey land of which he represents himself the owner, but of which he has no title, and receives a deposit of the purchase-money for the joint benefit of himself and another person for whom he acted as agent, and who received a share of the deposit, both are jointly liable as principals in an action to recover back the deposit, and it is immaterial that plaintiff did not know of the connection of the other person with the transaction at the time the contract was made. A complaint against such persons jointly to recover the money is not demurrable for misjoinder of causes of action or of parties defendant.

ID. — ASSUMPSIT — MONEY HAD AND RECEIVED — PLEADING — COMMON COUNT. — A common-law count for money had and received is proper in an action to recover a deposit of money wrongfully obtained from the plaintiff by the defendants, and which they wrongfully refused to pay to the plaintiff upon demand.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Tilden & Tilden,* for Appellants, cited Story on Agency, sec. 446; *Thomas* v. *Moody,* 57 Cal. 215–219; *Kreutz* v. *Livingston,* 15 Cal. 346; *Stanwood* v. *Sage,* 22 Cal. 516; Van Santvoord on Precedents, 420; *Adams* v. *Holly,* 12 How. Pr. 326; *Reynolds* v. *Harris,* 9 Cal. 338; 1 Story's Eq. Jur., sec. 760; Civ. Code, secs. 1431, 1659.

*Daniel Rogers,* for Respondent, cited Code Civ. Proc., sec. 1973, subd. 5; Civ. Code, sec. 1624, subd. 5; *Stone* v. *Wood,* 7 Cow. 453; 17 Am. Dec. 529; *Haskell* v. *Cornish,* 13 Cal. 45; *Shaver* v. *Ocean Mining Co.,* 21 Cal. 45; *Hall* v. *Crandall,* 29 Cal. 571; 89 Am. Dec. 64.

McFARLAND, J.—Each of the two defendants demurred separately to the complaint. Both demurrers

were sustained, and judgment rendered for defendants. Plaintiff appeals from the judgment.

We think that the court erred in sustaining the demurrers. The facts alleged in the first count of the complaint are substantially these: The defendant R. C. Rogers represented to plaintiff that he (R. C.) was the owner of a certain piece of land. Plaintiff, relying on his representation, and believing that he was acting for himself alone, entered into a written contract with him, by which he agreed to sell said land to plaintiff for $11,500, and make a good title, etc., within two weeks. In pursuance of this contract plaintiff deposited with him $1,150, to be applied on said purchase price if he complied with the contract; and if not, to be returned and paid back to plaintiff. As a fact, however (so it is averred), said R. C. Rogers, in entering into said contract and securing said deposit of money, was acting for himself and for the other defendant, Daniel Rogers, on their joint behalf and for their joint benefit. R. C. was the agent of Daniel, and they were both joint principals in the transaction. R. C. received said $1,150 for the joint benefit of himself and said Daniel, and it was divided between them. Neither of them had any title to the land, and they were entirely unable to convey, and did not convey, a title thereto. Plaintiff demanded the $1,150 deposited as aforesaid from both the defendants, and they refused to pay the same, or any part thereof.

The case here is not confused by those subtleties by which the question whether a principal or agent should be sued is often embarrassed. The defendants were both principals. R. C. Rogers was himself a principal, and was also the hand by which the other principal, Daniel, acted. It makes no difference that plaintiff did not know of Daniel's connection with the transaction at the time the contract was made. In this respect the case cannot be distinguished from *Thomas* v. *Moody*, 57 Cal. 215. The money deposited by plaintiff was re-

ceived for the joint benefit of both defendants, and it is averred that they divided it between them; and that under the circumstances they can retain it—as said in *Thomas* v. *Moody*—"is a proposition which can be no more sustained in law than in morals." (See also *Kreutz* v. *Livingston*, 15 Cal. 345.) There was no misjoinder of causes of action or of parties defendant. There was only one cause of action, viz., money of plaintiff which defendants had, and which they wrongfully refused to pay; and defendants were jointly liable to pay said money.

2. The second cause of action stated in the complaint is in the form of a common-law count for money had and received, and we cannot see why it is in any way defective. (*Stanwood* v. *Sage*, 22 Cal. 517.)

Judgment reversed, with directions to the court below to overrule the demurrers to the complaint.

Thornton, J., and Sharpstein, J., concurred.