## FROTHINGHAM *et al. vs.* JENKINS *et al.*

The master of a ship has a lien on the cargo for the freight, and is not bound to deliver to a consignee any part of the goods specified in a bill of lading, until the whole freight is paid : and an offer to give good security for the payment of the freight is not sufficient to compel a delivery by the master.

Delivery of goods by the master, and payment of freight by the owner are concurrent acts, and neither party is bound to perform his part of the shipping contract, unless the other is ready to perform the correlative act.

Delivery of part of the goods mentioned in *one* bill of lading to the consignee, does not defeat a lien on the remainder for the whole freight unpaid.

A., a merchant in Boston, shipped by *one* bill of lading, certain merchandise to San Francisco, consigned to B. who was the mere agent of A. the owner. On arrival, part of the merchandise was delivered, and part of the freight paid ; but the agent being unable to raise funds to pay the whole freight, offered to give good security

Frothingham v. Jenkins.

for the payment thereof in case the master would make the delivery, which offer the master refused to accept. *Held,* that the master had a lien on all the goods mentioned in the same bill of lading for the entire freight, that part delivery was no waiver of his lien on the remainder of the goods for the unpaid balance of freight, and that an offer to give good security for payment of the freight could not divest the master's lien.

APPEAL from the court of First Instance of the district of San Francisco. The facts are fully stated in the opinion of the court.

*J. B. Hart,* for plaintiffs.

*Hall McAllister,* for defendants.

*By the Court,* BENNETT, J. The plaintiffs shipped at Boston under *one* bill of lading a cargo of merchandise, owned by them, for San Francisco, under consignment to H. A. Breed, he or they paying freight thereon, the amount of which was $17,601,35. According to the contract, as appeared by the bill of lading, the goods were to be delivered along side of the ship within reach of her tackles, and were to be received within twenty days after arrival—if not received within that time, the master was to have the right of selling them. The items of freight estimated on each of the articles shipped, and making in the aggregate the gross sum above stated, were set down at the time of the shipment, in a paper attached to the bill of lading. A question was made at the trial whether $8000 of the freight was paid before the sailing of the ship, but there is no proof of such payment. Soon after the arrival at San Francisco, the consignee, on behalf of the owners of the cargo, for whom he acted as agent, paid $6000 on the freight, and received a small portion of the goods, but was unable to raise funds to pay the balance of the freight. He, thereupon, requested a delivery of certain specific articles, which would command a ready sale, in order that he might take them into the market and dispose of them, and he offered to give good security to the master that the money received on the sale of such portions of the cargo as might be delivered to him,

should be applied towards the extinguishment of the freight. The master declined this offer, and also refused to deliver any more of the goods until the freight on the whole was paid. This suit was then brought, an injunction issued restraining the master from selling the goods, a trial had, and from the judgment of the court below dissolving the injunction and dismissing the suit, the plaintiffs have appealed.

We think that the judgment of the court below must be affirmed. Here is a variety of merchandise shipped to one consignee, all to be delivered at the same port, for a given amount of freight; an inability on the part of the owners to pay that freight, and suit brought by them to attain some end, of which they themselves seem to have had but an indistinct and indefinite notion. The master had a lien upon the goods for the freight agreed to be paid thereon, and was not bound to part with any of them until the whole freight was paid. (3 *Kent's Comm.* 220, 222; *Angell on Com. Carr.* 368; *Abbott on Ship.* 365, *5th Am. Ed.*) Offering to give good security, or giving good security, is not payment. Delivery of a part of the goods shipped to one consignee, does not defeat a lien upon the remainder for the whole freight. (*Cross on Lien*, 290, *mar. pag.; Angell on Com. Carr.* 360; *Abbott on Ship.* 461.) Part delivery, therefore, in this case, did not affect the lien. The delivery of goods and the payment of freight are concurrent acts, and neither party is obliged to perform his part of the contract, without the other being ready to perform the correlative act. (*Angell on Com. Carr.* 368.) The defendants could not require payment without a readiness to deliver, and the plaintiffs could not demand delivery without a readiness to pay. The plaintiffs were not ready to pay, and consequently they were not in a situation to require delivery, or to bring suit for a refusal to deliver.

We should be disposed to afford relief, if we could do it without violating settled rules of law. The defendants appear to have pursued a legal, but at the same time an unconscionable course. They have exacted a strict compliance with their contract, and we cannot compel them to waive their rights, what-

ever opinion we may entertain of the fairness of their conduct. Whether the plaintiffs would have any remedy in case the defendants should sell the goods, and if so, what remedy, is not for us now to say.

Judgment affirmed.