[No. 13976.  · Department Two. — December 22, 1890.]

87  275¹
123   9

JESSE W. WOODRUFF ET AL., RESPONDENTS, *v.* THE SEMI-TROPIC LAND AND WATER COMPANY, APPELLANT.

VENDOR AND PURCHASER — CONTRACT OF SALE — TIME OF ESSENCE. — Time is of the essence of a contract for the sale of land, which provides that the consideration is to be paid in installments at stated times, that a good and sufficient deed is to be delivered upon receiving the payments at the times and manner agreed upon, and that in the event of a failure to comply with the terms of the contract by the vendees, the vendor is to be released from all obligations to convey the property, and the vendees are to forfeit all rights thereto.

ID. — DEFAULT OF VENDOR — DEMAND — OFFER OF PERFORMANCE — RESCISSION BY VENDEES — RECOVERY OF PURCHASE-MONEY. — Where time is of the essence of the contract, and the vendor fails and neglects to exe-

cute the conveyance required by the contract after demand therefor, and an offer in writing by the vendees to pay the last installment of purchase-money, the vendees may rescind the contract, tender a reconveyance of their rights to the vendor, and surrender the possession, and demand and recover back the installments of purchase-money paid.

ID. — SUBSEQUENT OFFER OF VENDOR TO PERFORM. — After the vendees have rescinded the contract for the default of the vendor, and tendered restitution, and demanded a repayment of the installments of purchase-money paid, no subsequent offer of performance on the part of the vendor will relieve him from the effect of his default; and the vendees are not bound to accept an offer of performance made by the vendor after suit brought for. the recovery of the purchase-money, and before service of the summons therein.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion.

*Willis, Cole & Craig,* for Appellant.

*Smith & Northrup,* for Respondents.

FOOTE, C. — The plaintiffs obtained judgment against the defendant for the sum of $3,405.75, and costs.    From that judgment this appeal is prosecuted on the judgment roll.

The parties hereto entered into the following contract: —

" This agreement, made and entered into the twenty-fifth day of August, in the year of our Lord one thousand eight hundred and eighty-seven, between the Semi-Tropic Land and Water Company, a corporation, party of the first part, and Jesse W. Woodruff and George E. Baldwin, of the city and county of San Bernardino, state of California, the parties of the second part, witnesseth, —

" That said party of the first part, in pursuance of a resolution of the board of directors of said corporation, duly passed, authorizing this agreement; and in consideration of the covenants and agreements on the part of the said parties of the second part hereinafter contained, agrees to sell and convey unto the said parties of the second

part all that certain lot or parcel of land situated in the county of San Bernardino and state of California, and bounded and more particularly described as follows, to wit: Farm block 28, containing 20.6 acres (more or less) in accordance with the map of the town of Rialto and adjoining subdivisions, as recorded in the office of the recorder of deeds in and for San Bernardino County, California, ——, 18—, book —, page —.

"The party of the first part reserves from the premises above agreed to be sold the right of way to enter upon, to ditch, and to lay pipes for the distribution of water. And the said party of the first part agrees to sell said property for the sum of four thousand twelve dollars, gold coin of the United States, and the said parties of the second part, in consideration of the premises, agree to pay to said party of the first part, the said sum of four thousand twelve dollars, gold coin, as follows, to wit: thirteen hundred thirty-eight dollars cash, on delivery of this agreement, receipt of which sum is hereby acknowledged by party of the first part; thirteen hundred thirty-seven dollars on or before August 25, 1888; thirteen hundred thirty-seven dollars on or before August 25, 1889, with interest payable semi-annually upon the deferred payments at the rate of eight per cent per annum; and if any part of the principal or interest be now [not] paid when due, it shall thereafter bear interest at the rate of twelve per cent per annum until fully paid, according to the terms of two certain promissory notes of said second parties, of even date herewith, made in favor of said party of the first part, and payable at the Los Angeles National Bank, in Los Angeles, California.

"And the said parties of the second part agree to pay all state, school, and county taxes or assessments of whatsoever nature which may become due on the premises above described, and all assessments that may be lawfully made upon the shares of water stock herein agreed to be delivered, after the date of this agreement.

" In the event of a failure to comply with the terms hereof by the said parties of the second part, the said party of the first part shall be released from all obligations in law or equity to convey said property, and said parties of the second part shall forfeit all rights thereto. And the said party of the first part, on receiving such payment at the time and in the manner above mentioned, agrees to execute and deliver to the said parties of the second part, or their assigns, a good and sufficient deed of bargain and sale, together with one share of stock in the Lytle Creek Water and Improvement Company for each acre of land above agreed to be sold. The party of the first part also agrees to pipe the water to a point adjacent to each twenty-acre lot of said tract, and to each town lot above agreed to be sold, after which the second parties and other stockholders in said water company must bear the expense of keeping up the water system. And it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties."

From the pleadings, it appears that the plaintiffs here (the parties of the second part) paid to the defendant on the 27th of August, 1887, $1,338, on the agreement, and at the same time executed and delivered to it two promissory notes in accordance strictly with the terms of the contract, and at maturity thereof paid the first note, $1,443, principal and interest, and $160.44, being interest on the note due on or before August 25, 1889, and also $13.30, the amount of taxes assessed on the land included in the contract.

On the 26th of August, 1889, when the last note was due, the plaintiffs were ready and willing and offered in writing to pay it and the interest due thereon, and then demanded a good and sufficient deed of bargain and sale of the premises above described, and also that the defendant deliver the water stock included in the purchase. This the defendant failed and neglected to do.

On the twenty-first day of November, 1889, the plaintiffs surrendered possession of the land and premises, and tendered to the defendant a quitclaim deed to the premises and to the water stock, and demanded that the defendant pay back the payments in money that the plaintiffs had made, and interest at lawful rates from the date of making the payments, and that the defendant deliver up the promissory note due August 25, 1889; that the defendant refused to accept the deed of reconveyance or pay the money.

Damages in the sum of three thousand five hundred dollars were prayed for, the rescission of the agreement of August 25, 1887, and that the note due August 25, 1889, be given up and canceled.

A demurrer was filed, and overruled for want of prosecution.

The defendant then answered, denying damage done to the plaintiffs, and setting up the defense that, prior to the service of summons in this case, it was able and willing to deliver a conveyance and the water stock upon the plaintiffs paying the balance of the purchase price, which offer the plaintiffs declined. And the defendant avers that it is still able and willing to carry out the contract upon the payment by the plaintiffs of the contract price for the property.

The court found that all the allegations of the plaintiffs' complaint were true, and that they had suffered damage in the sum of $3,405.75; that before November 29, 1889, the defendant failed and neglected to comply with the contract; that on that day, after the commencement of this action, but before the service of summons, the defendant offered to comply with the contract, but the plaintiffs would not accept it; and that since that date the defendant has been and still is ready to deliver the deed and shares of stock on the payment of the balance due by the plaintiffs. The conclusion of law is, that the plaintiffs are entitled to judgment for $3,405.75, and

costs. Judgment was rendered accordingly on the 17th of June, 1890.

The only point which seems to be made for a reversal of the judgment is, that time was *not* of the essence of the contract, and therefore that the offer of performance on the 29th of November, 1889, was in a reasonable time after the date fixed for performance by the contract, or after suit brought by the plaintiff to rescind.

There is no doubt, however, that time was of the essence of this contract, as is seen by a reference to the opinions delivered in *Grey* v. *Tubbs*, 43 Cal. 364, and *Cleary* v. *Folger*, 84 Cal. 321, where a similar contract was construed with reference to this point.

Time being of the essence of the contract, and the defendant, having failed to comply with it after a tender of performance by the vendee, was in default.

The plaintiffs tendered a deed to the premises, giving all their title thereto, and also the water stock, and surrendered possession of the premises on the 21st of November, 1889, and demanded a repayment back of their money, and the giving up and canceling of their unpaid note. This was all that the plaintiffs were required to do to effect a rescission of the contract, and having done this, no subsequent offer of performance on the part of the defendant would relieve it from the effect of its default. Therefore we advise that the judgment be affirmed.

GIBSON, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.