[Civ. No. 979.   Third Appellate District.—November 29, 1912.]

## O. C. McMANUS, Respondent, v. E. R. PATCH and J. A. KING, Appellants.

CONTRACT TO SELL LAND—PAYMENT ON PRICE—TENDER OF RESIDUE WHEN DUE—DEMAND FOR DEED—DEFAULT OF VENDORS—RESCISSION —DEMAND AND REFUSAL TO REPAY—RECOVERY OF SUM PAID.— Where, under a contract to sell land, part of the purchase price was paid, and the residue was tendered when due, and a deed was demanded, which the vendors failed to make, the vendee is thereupon entitled to rescind the contract, and demand repayment of the purchase money paid, and upon refusal of the vendors to repay the same, is entitled to recover the sum paid.

ID.—INFORMALITY OF TENDER OF RESIDUE—WAIVER OF OBJECTION.—Any informality in the tender of the residue of the purchase price is waived, where the vendors failed to make any objection thereto at the time of the tender, which could have been obviated by the vendee.

ID.—TIME OF ESSENCE OF CONTRACT—TENDER OF DEED AT TIME OF ACTION NOT A WAIVER OF DEFAULT—GOOD TITLE NOT EXISTING— HEAVY ENCUMBRANCES.—Since, by the terms of the contract, time was of its essence, no tender of a deed at the time of the action could cure the default of the vendors, who at the time of default, had no title.  But it is held that no good title existed, either at the time of the default or at the time of the commencement of the action, by reason of the fact that the property was at both times and continuously encumbered by valid subsisting liens to the amount of over two thousand dollars.

ID.—PURCHASER NOT BOUND TO SHOW PERFORMANCE OF RESCINDED CONTRACT—RECOVERY OF MONEY PAID—FAILURE OF CONSIDERATION.— When there is no title, or a defective title in a vendor at the time fixed for the conveyance, the purchaser may treat the contract as rescinded, and need not aver or offer to prove a performance of the contract on his part.  He may refuse to buy, and may recover back any money paid or deposited under the contract.  In legal effect, the consideration of such a contract fails, and a failure of consideration ends the contract.

APPEAL from a judgment of the Superior Court of Modoc County and from an order denying a new trial. Clarence A. Raker, Judge.

The facts are stated in the opinion of the court.

Jamison & Wylie, for Appellants.

N. A. Cornish, for Respondent.

BURNETT, J.—By a written contract plaintiff agreed to purchase of defendants for the sum of eight hundred dollars a ten-acre tract of land in Modoc County. At the time of the execution of the agreement he paid them four hundred dollars in cash and it was provided in said contract that the entire purchase price with interest thereon at the rate of eight per cent per annum should be paid on or before one year from date and "if the sum of money herein mentioned, shall be paid according to the agreement herein expressed, and time to be of the essence of this contract, then the said party of the first part agrees to make, execute and deliver unto the said party of the second part and to his heirs, executors and assigns, a good and sufficient warranty deed describing said premises." The theory of plaintiff, embodied in his complaint, is that, before the expiration of the year, he tendered to defendants the balance due and demanded a deed to the premises but that they refused and neglected to make him a deed to the property; whereupon plaintiff promptly served upon appellants a written notice that he would not be further bound by the terms of the contract, that he rescinded the same and he demanded of them the return of the four hundred dollars paid by him as a part of the said purchase price, that they refused to return the money but notified him that in due time they would make him a deed. The prayer of the complaint was, therefore, that plaintiff have judgment against the defendants for the said sum of four hundred dollars, with interest and costs. The findings cover all the material issues and they and the judgment were in favor of plaintiff. There is some conflict in the evidence but the testimony of plaintiff, in connection with the admissions of defendants as to the notice of rescission, is abundantly sufficient to legally support the court's conclusion. We quote a portion of said testimony as follows: "I paid Patch and King four hundred dollars in cash when the contract was entered into, at the date of the contract. This $400.00 nor any part thereof has never been returned to me. Since then I tendered them the balance due on the contract and demanded a deed. This tender was made in Lakeview, Oregon, on May 8, 1911. When I spoke to Mr. King about giving me the deed he said 'We cannot give you a deed until

next October.' He did not give me any reason why he could not give me a deed. I did not stop to argue with him at all, I just walked out of his place of business. At the time I demanded the deed I had the money in my hand to pay the balance. At the time we made the contract the only information I had of the title to the tract of land was as follows: At the time of signing the contract Patch and King were both present and I said to them 'You fellows have an abstract and a good title to this land, have you? If you can make me a deed at any time I want it,' and Mr. Patch answered 'Yes, sir.' At that time I knew nothing about the title to the land, or whether it was encumbered or not or any means of so knowing. This contract was made in Lakeview, Oregon.''

In the view that we must take of the record, therefore, we have the simple case of a contract of sale of real estate, the payment of a part of the purchase price by the vendee, the tender of the balance within the time prescribed and a demand for the deed, the default of the vendors by reason of their failure to make the deed, the prompt rescission of the contract and demand for repayment of the portion of the price paid and the refusal of the vendors to comply with this demand. The statement of these facts is sufficient to carry the conviction that plaintiff was entitled to the repayment of the said four hundred dollars.

It is suggested that the tender of the money was informal, but it is sufficient to answer that no objection was made by appellants as to the form or sufficiency of the tender. It is well settled that such objection must be made at the time so as to afford the debtor an opportunity to obviate the objection. "All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could be then obviated by him, are waived by the creditor if not then stated." (Civ. Code, sec. 1501.)

It is clear that the tender of the deed at the time the action was brought could not cure the default of appellants, since time was of the essence of the contract. If their claim to demand the balance of the purchase price could thus be revived by the tender of a sufficient deed, the principle would not apply to the present case by reason of the burdens imposed upon the land in the terms of the deed to defendants by their

grantor, in other words, by reason of their inability to convey a good title. Furthermore, it is not disputed that, at the time of the contract of purchase and at the time demand was made by plaintiff for the deed, defendants were not the owners of the land and that, during all this time and at the time when the action was brought, the property was heavily encumbered by valid subsisting liens to the amount of over two thousand dollars.

We may, therefore, apply to the case another principle, stated in 22 Encyclopedia of Pleading and Practice, 692, as follows: "When there is no title, or a defective title in the grantor at the time fixed for the conveyance, the purchaser may treat the contract as rescinded and need not aver or offer to prove a performance of the contract on his part," and in the case of *Schroeder* v. *Wittram*, 66 Cal. 636, [6 Pac. 737], as follows: "If the plaintiff could not obtain what he proposed to buy, i. e., title to the land, he had the right to refuse to buy and to recover back any money he may have deposited as security for the performance of his contract. . . . In legal effect the consideration of such a contract fails; and a failure of the consideration ends the contract."

We think no further discussion is demanded as the legal principles involved are elementary and well settled. For a further elucidation of them, however, reference may be had to the following cases cited by respondent: *Frothingham et al.* v. *Jenkins et al.*, 1 Cal. 42, [52 Am. Dec. 286]; *Dashaway Association* v. *Rodgers*, 79 Cal. 211, [21 Pac. 742]; *Woodruff* v. *Semi-tropic L. & W. Co.*, 87 Cal. 280, [25 Pac. 354].

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.