(October 26, 1921.)

CHARLES J. MARSHALL and R. M. FARMER, Appellants, v. HENRY GILSTER and MARGARET GILSTER, His Wife, Respondents.

[201 Pac. 711.]

REAL ESTATE—CONTRACT OF SALE—FAILURE OF TITLE—RESCISSION—RECOVERY OF PURCHASE PRICE—TENDER—NOTICE—DEMAND—TIME OF ESSENCE—EXTENSION OF TIME.

1. A motion for nonsuit admits the truth of plaintiff's evidence and of every fact which it tends to prove or which could be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it.

2. An agreement by a vendor to convey real estate by good and sufficient warranty deed requires that title shall be good and free from reasonable doubt.

3. Where, under a contract to convey real property by a good and sufficient warranty deed, vendor insists on vendee taking a doubtful title, vendee is at liberty to rescind the contract and demand repayment of money paid by him on the purchase price.

4. If the vendor is unable to perform at the time performance is required of him, a tender of performance by the purchaser is not required.

5. A statement by the purchaser that the deal is off, that he will have nothing more to do with it, and that he will have to have his money back, is a sufficient notice of rescission.

6. An agreement extending time for performance in a contract for sale of real estate makes time of the essence.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. F. J. Cowen, Judge.

Action for recovery of purchase price following rescission of contract. Appeal from judgment of nonsuit. *Reversed.*

E. W. Whitcomb and Wyman & Wyman, for Appellants.

A motion for nonsuit admits the truth of plaintiffs' evidence and of every fact which it tends to prove or which could be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it (citing same authorities cited in opinion).

An agreement by the vendor to convey by "good and sufficient warranty deed" requires that his title shall also be good and fairly deducible from the records. (39 Cyc. 1445, 1446; *Boyd v. Boley,* 25 Ida. 584, 139 Pac. 139; *Crim v. Umbsen,* 155 Cal. 697, 132 Am. St. 127, 103 Pac. 178; *Turner v. McDonald,* 76 Cal. 177, 9 Am. St. 189, 18 Pac. 262; *Collins v. Delashmutt,* 6 Or. 51; *Campbell v. Harsh,* 31 Okl. 436, 122 Pac. 127; *Sheehy v. Miles,* 93 Cal. 288, 28 Pac. 1046; *Howe v. Coates,* 97 Minn. 385, 114 Am. St. 723, 107 N. W. 397, 4 L. R. A., N. S., 1170; *Benson v. Shotwell,* 87 Cal. 49, 25 Pac. 249, 681; *Irving v. Campbell,* 121 N. Y. 353, 24 N. E. 821, 8 L. R. A. 620; *Hooe v. O'Callaghan,* 10 Cal. App. 567, 103 Pac. 175; Warvelle on Vendors, 2d ed., sec. 299.)

In an executory contract for the sale of land, the purchaser may rescind where the vendor has no title to a material part of the lands at the time performance is required of him. (39 Cyc. 1406, 1407 (and cases there cited); *Groves v. Stouder,* 58 Okl. 744, 161 Pac. 239.)

"Where under a contract to convey real property by a good and sufficient warranty deed vendor insists on vendee taking a doubtful title, vendee is at liberty to rescind the contract and demand repayment of money paid by him on the purchase price." (*Boyd v. Boley, supra; Talbot v. New Orleans Land Co.,* 143 La. 263, 78 So. 553.)

While ordinarily the purchaser cannot put the vendor in default without first offering to pay the balance of the purchase price or otherwise tendering performance of any precedent covenants on his part, yet, if the vendor is unable to perform at the time performance is required of him, a tender of performance by the purchaser would be a vain thing and is not required. (39 Cyc. 1422, 2048; *Sutthoff v. Maruca,* 57 Wash. 102, 106 Pac. 632; *Aurand v. Perry T. L. & Imp. Co.,* 178 Iowa, 262, 159 N. W. 779; *McManus v. Patch,* 20 Cal. App. 479, 129 Pac. 613; *Sherwin v. Baxter,* 86 Kan. 730, 121 Pac. 1128; *Kreutzer v. Lynch,* 122 Wis. 474, 100 N. W. 887; *Nelson v. Chingren,* 132 Iowa, 383, 106 N. W. 936; *Kicks v. State Bank,* 12 N. D. 576, 98 N. W. 408; *Burk v. Schreiber,* 183 Mass. 35, 66 N. E. 411; *Smith v. Lewis,* 24 Conn. 624, 63 Am. Dec. 180; *Burks v. Davies,* 85 Cal. 110, 20 Am. St. 213, 24 Pac. 613; *Runkle v. Johnson,* 30 Ill. 328, 83 Am. Dec. 191; *Smith v. Lamb,* 26 Ill. 396, 79 Am. Dec. 381.)

Upon default by the vendor, the purchaser has the right to elect as among several remedies. He may undoubtedly choose to disaffirm the contract and sue to recover back the part of the purchase price theretofore paid by him. (39 Cyc. 1997; *White v. Harvey,* 175 Iowa, 213, 157 N. W. 152; *Neff v. Rubin,* 161 Wis. 511, 154 N. W. 976; *Hall v. Yaryan,* 25 Ida. 470, 138 Pac. 339.)

Time is of the essence of a contract for the sale of personal property, where the contract fixes the time of delivery. (*Cleveland Rolling Mill Co. v. Rhodes,* 121 U. S. 255, 7 Sup. Ct. 882, 30 L. ed. 920; *Sunshine Cloak & S. Co. v. Roquette Bros.,* 30 N. D. 143, 152 N. W. 359, L. R. A. 1916E, 932; *Connell Bros. Co. v. H. Diederichsen & Co.,* 213 Fed. 737, 130 C. C. A. 251; *Gaut v. Dunlap* (Tex. Civ.), 188 S. W. 1020; Williston on Sales, sec. 189; Mechem on Sales, sec. 1138.)

Parties to a contract for the sale of land may abandon it or rescind it by mutual consent or by the act of one acquiesced in by the other. In such case, the purchaser may recover that part of the purchase price he has already paid.

(39 Cyc. 1353 et seq., 2001 et seq.; *Smith v. Stewart*, 83 N. C. 406; *San Diego Const. Co. v. Mannix*, 175 Cal. 548, 166 Pac. 325; *Gwin v. Calegaris*, 139 Cal. 384, 73 Pac. 851; *Shively v. Semi-Tropic Land & W. Co.*, 99 Cal. 259; 33 Pac. 848; 2 Parsons on Contracts, 8th ed., p. 791; *Amonson v. Idaho Dev. Co.*, 25 Ida. 615, 139 Pac. 352.)

The contract for extension of time within which respondent could perfect title makes time the essence of the contract. (*Friess v. Rider*, 24 N. Y. 367, 82 Am. Dec. 308; note, 50 Am. Dec. 600.)

J. M. Stevens and W. H. O'Brien, for Respondents.

The purchaser is not entitled to rescind if he is himself in default. (39 Cyc. 1422, and cases cited; *Fountain v. Semi-Tropic Land etc. Co.*, 99 Cal. 677, 34 Pac. 497; *Hyde v. Heller*, 10 Wash. 586, 39 Pac. 249.)

Even if there had been a tender of performance by the purchaser and a demand for performance by the vendor, the vendor cannot be placed in default for defect of title, or inability to convey, before the expiration of the time fixed by the contract for making conveyance. (39 Cyc. 1410, and cases cited.)

Where time is made of the essence of a contract for the sale of land, terminating it on failure to comply strictly and punctually with conditions, the effect is to entail a forfeiture on the mere default of the purchaser by his failure to make payments when and as he obligated himself to do, if the vendor has not waived the default and forfeiture, as is within his right by express agreement or unequivocal acts or demeanor. (*Andrews v. Karl*, 42 Cal. App. 513, 183 Pac. 838; *Newell v. E. B. & A. L. Stone Co.*, 181 Cal. 385, 9 A. L. R. 993, 184 Pac. 659; *Papesh v. Wagnon*, 29 Ida. 93, 157 Pac. 775.)

The fact that the vendor has, after the purchaser's default, put it out of his power to perform does not authorize a rescission by the purchaser. (*Aikman v. Sanborn*, 5 Cal. Unrep. 961, 52 Pac. 729.)

Where there has been no fraudulent misrepresentation as to the vendor's title, the fact that he has an imperfect title or no title at all at time of execution of a contract of sale does not invalidate the contract of sale; it being sufficient if vendor has good title at time he is called upon to perform. (*Lemle v. Barry,* 181 Cal. 6, 183 Pac. 148.)

McCARTHY, J.—On August 27, 1917, respondents and appellants entered into a written contract by which the former agreed to sell and the latter to buy a large stock ranch, 4,950 sheep, 140 head of cattle, 40 head of horses and 400 tons of hay, together with farm equipment and other personal property, for a consideration of $100,000. Ten thousand dollars was paid upon the execution of the agreement. The contract provided:

"That the said parties of the second part hereby agree and obligate themselves jointly and severally, to receive said property and pay the balance of said purchase price, on or before the 17th day of September, 1917, and upon their failure so to do, the said sum of $10,000 paid at the time of the execution of this agreement, shall be forfeited to the said parties of the first part as liquidated damages.

"That upon the payment or tender of the said purchase price as herein agreed upon, to the said parties of the first part they shall execute and deliver to said second parties a good and sufficient warranty deed to all of said real property, together with an assignment of all forest reserve rights and lease rights owned by them, and a good and sufficient bill of sale to all said personal property, including therein in addition to the property hereinbefore described, their stock brand, and any other property owned by them and not particularly described herein."

On September 13th, respondents' agent, L. E. Glennon, notified appellants that patents to 320 acres of the land were not recorded in the recorder's office of the county in which the land is situated. Glennon, on September 15th, told appellant Farmer he thought the patents could be procured in three or four days and asked for an extension of time.

It was agreed that the time should be extended to September 22d. The patents were not procured by that time and a few days later appellants told respondents that the deal was off, that they would have nothing more to do with it and would have to have their money back. On September 17th, respondents, through Glennon, tendered to E. W. Whitcomb, appellants' representative, warranty deeds to the premises. Whitcomb declined to accept them on the ground respondents had not shown a marketable title. On October 6th exemplified copies of the patents were secured from Washington and recorded. Thereafter the respondents did not make another tender of the deeds to appellants or their representative. Appellants brought this action to recover the initial payment of $10,000 with interest from September 17, 1917. On the trial appellants asked respondent Henry Gilster whether subsequent to September 17th he sold the property to anyone else. Respondents' objection was sustained, whereupon appellants offered to prove that on or about October 3, 1917, respondents sold most of the property involved to someone other than the appellants, which offer of proof was by the court denied. A motion for nonsuit was made by the respondents on the following grounds:

1st. The purchasers had not tendered the balance of the purchase price.

2d. No notice of rescission was given.

3d. A good and sufficient warranty deed, conveying absolute title had been tendered by Gilster on September 17th; and

4th. Plaintiffs knew prior to September 17th that patents to the 320 acre tract had been. issued and were of record at Washington; that within a reasonable time after September 17th, to wit, on October 6th, the patents were recorded in Lemhi county and that Gilster had used every effort and all possible diligence to have the patents placed on record.

The motion was sustained and judgment entered accordingly. On their appeal from the judgment appellants

specify as errors, that the court erred, first, in rejecting said offer of proof, and, second, in sustaining the motion for nonsuit and granting judgment against plaintiffs.

We will consider the second specification of error first.

"A motion for nonsuit admits the truth of plaintiffs' evidence and of every fact which it tends to prove or which could be gathered from any reasonable view of it, and he is entitled to the benefit of all inferences in his favor which the jury would have been justified in drawing from the evidence had the case been submitted to it." (*Donovan v. Boise City*, 31 Ida. 324, 171 Pac. 670; *Later v. Haywood*, 12 Ida. 78, 85 Pac. 494; *Pilmer v. Boise Traction Co., Ltd.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Colvin & Rinard v. Lyons*, 15 Ida. 180, 96 Pac. 572; *Culver v. Kehl*, 21 Ida. 595, 123 Pac. 301; *Southern Idaho Adventists v. Hartford F. I. Co.*, 26 Ida. 712, 145 Pac. 502; *Shank v. Great Shoshone & T. F. W. P. Co.*, 205 Fed. 833, 124 C. C. A. 35.)

We will discuss the grounds of the motion in what seems to us the logical order. The third ground is that a good and sufficient warranty deed conveying absolute title was tendered by respondents on September 17th, the time fixed by the contract. An agreement by a vendor to convey by good and sufficient warranty deed, as in the present case, requires that title shall be good and free from reasonable doubt. (*Boyd v. Boley*, 25 Ida. 584, 139 Pac. 139; *Bell v. Stadler*, 31 Ida. 568, 174 Pac. 129.) The tender of a warranty deed in good and sufficient form would not be sufficient compliance with respondents' contract unless they had a good title, free from reasonable doubt. The 320 acres of land, patents to which were missing, were a material part of the land to be conveyed.

"Where under a contract to convey real property by a good and sufficient warranty deed, vendor insists on vendee taking a doubtful title, vendee is at liberty to rescind the contract and demand repayment of money paid by him on the purchase price." (*Boyd v. Boley, supra.*)

The fourth ground of the motion is that appellants knew prior to September 17th that patents to the 320 acres had been issued and were of record at Washington; that within a reasonable time after September 17th, to wit, on October 6th, the patents were recorded in Lemhi county and that respondents used every effort and all possible diligence to have the patents placed on record. The evidence does not show that appellants knew or had any reasonable cause to know that the patents had been issued. Mr. Glennon, who was acting for respondents in procuring the patents, testified that he did not tell appellants or their representatives that patents existed, because he did not know whether or not they did; that about September 17th or 18th he received a telegram from Washington indicating that the patents had been forwarded, but that the telegram was subject to two different constructions. The telegram was not introduced in evidence. The matter was evidently doubtful, even in Glennon's mind.

The third ground of the motion is that the appellants did not tender the balance of the purchase price. If the vendor is unable to perform at the time performance is required of him, a tender of performance by the purchaser would be vain and idle, and is not required. (39 Cyc. 1422 and 2048; *Sutthoff v. Maruca*, 57 Wash. 102, 106 Pac. 632; *Aurand v. Perry, T. L. & Imp. Co.*, 178 Iowa, 262, 159 N. W. 779; *McManus v. Patch*, 20 Cal. App. 479, 129 Pac. 613; *Sherwin v. Baxter*, 86 Kan. 730, 121 Pac. 1128; *Kreutzer v. Lynch*, 122 Wis. 474, 100 N. W. 887; *Nelson v. Chingren*, 132 Iowa, 383, 106 N. W. 936; *Kicks v. State Bank*, 12 N. D. 576, 98 N. W. 408; *Burk v. Schreiber*, 183 Mass. 35, 66 N. E. 411; *Smith v. Lewis*, 24 Conn. 624, 63 Am. Dec. 180; *Burks v. Davies*, 85 Cal. 110, 20 Am. St. 213, 24 Pac. 613; *Runkle v. Johnson*, 30 Ill. 328, 83 Am. Dec. 191; *Smith v. Lamb*, 26 Ill. 396, 79 Am. Dec. 381.) Here the evidence tended to show that respondents could not perform at the time performance was required of them, and a tender on the part of appellants was not required. In

most of the cases on this question the conditions to be performed by the vendor and vendee are concurrent.. In some of the earlier decisions, a different rule is enforced where payment by the vendee is a condition precedent. In the contract between appellant and respondents the expression that, "upon payment or tender of the purchase price to respondents, they shall execute and deliver to appellants a good and sufficient warranty deed," might make it appear at first blush that payment is a condition precedent. The expression in the preceding paragraph that "appellants agree to receive said property and pay the balance of the purchase price on or before September 17, 1917," makes it appear that the conditions are concurrent. In case of doubt, and where it can be done without doing violence to the language of the contract, the courts hold that the conditions of payment and conveyance are concurrent. (2 Williston on Contracts, sec. 835; *San Diego Construction Co. v. Mannix,* 175 Cal. 548, 166 Pac. 325.) That is the construction which we place upon the contract in this case. But, even if it should be held that the payment of the balance was a condition precedent, the rule would not be otherwise. Under the great weight of authority, even where payment is a condition precedent, a tender by the vendee is dispensed with when, at the time for performance on his part, the vendor is unable or refuses to substantially perform. (2 Williston on Contracts, secs. 767, 768; *Sands v. Clark,* 8 Com. B. 751, 762; *Newcomb v. Brackett,* 16 Mass. 161.)

The second ground of the motion is that no notice of rescission was given.

"As rescission is only an alternative remedy and is in derogation of the contract it is said that the party who wishes to avail himself thereof must manifest his election in some way. The way in which election must be manifested may vary in different cases. Formal notice is certainly not always requisite, and bringing an action promptly for restitution is generally held sufficient." (3 Williston on Contracts, sec. 1469, and cases cited.)

But even if it should be held that express notice of rescission is necessary, appellant Marshall's statement to respondents a few days after the 17th, that the deal was off, that they would have nothing more to do with it, and would have to have their money back, constitutes sufficient notice. It was suggested on argument that plaintiff's action must fail because no formal demand was made for repayment of the money. Our attention has been called to no authority holding that formal demand for the repayment of the money must be made, and we conclude that the law does not require it. If a demand were required, appellants' statement that they would have to have their money back is a demand in substance.

The position was advanced by respondents' counsel on oral argument that time was not of the essence of the contract and respondents were entitled to a reasonable time after September 17th to make and convey the title. Considering the fact that the contract covered personal property as well as real estate, that the value of the personal property was much greater than that of the real estate, and that the personal property was livestock, the value of which is subject to frequent fluctuations, we are of the opinion that time was of the essence, though not expressly declared to be in the contract. (Williston on Sales, sec. 189; Mechem on Sales, sec. 1138.) Moreover, the agreement extending the time for performance until September 22d had the effect of making time of the essence. (*Friess v. Rider*, 24 N. Y. 367, 82 Am. Dec. 308; note in 50 Am. Dec. 600, and cases cited.)

It follows that none of the grounds for nonsuit is well taken, and the motion should have been denied.

The court erred in sustaining the objection to the question whether respondents sold the property to someone else, and in rejecting the offer of proof made in connection therewith. There is no evidence that respondents or their agent Glennon made any express remonstrance or objection when notified of the rescission of the contract by appellants. They did not make another tender of the deeds to appellants

after the patents were procured. In connection with these circumstances, their action in subsequently selling the property to another is admissible as bearing upon the question of whether they consented to a rescission, as contended by appellants.

The judgment is reversed and the cause remanded for a new trial. Costs to appellants.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.