Statement of Facts.

(March 11, 1889.)

## BOWMAN et al. v. AYERS.

[21 Pac. 405.]

Irrigating Ditch—Tenants in Common—Contract—Rescission—
Damages—Part Performance.—Where four persons owned in
common a water ditch, and while in joint possession and use of
the waters thereof said tenants in common entered into an agree-
ment in writing with A., agreeing that if A. would do certain
work in enlarging and improving the ditch, that he should have
an interest therein, and right to use water therefrom. A. en-
tered upon the performance of his contract, and did work upon
the ditch, to the value of fifty dollars, and began to use water
from the ditch, and was proceeding to complete his contract
when he was stopped by the owners, including the persons with
whom he had contracted, and who declared the contract rescinded,
wnereby A. was prevented by them from the completion of his
work. No reason was assigned for the attempt to rescind, and no
offer to pay for the work done. A. insisted upon his contract
and right to use the water under it, and continued to use the
water from the ditch. Thereupon the owners, including the con-
tracting persons, brought a joint action in trespass against A.
for wrongful use of the water from the time he entered. *Held*,
(1) that the defendant's acts did not constitute trespass, and
that the plaintiffs cannot recover; (2) that a party to a valid
contract, in the absence of fraud or other special reason, cannot
rescind at pleasure; (3) that where there has been part per-
formance, a party cannot rescind and still retain the benefits re⸗
ceived under the agreement.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

The facts fully appear in the following statement by
BERRY, J.:

This is an appeal from a judgment rendered in the district
court, Ada county. The action is for damages, in trespass,
and also praying equitable relief. The complaint avers, in sub-
stance, "that in 1883 the plaintiffs were the owners and in pos-
session of a certain ditch, necessary for irrigating the lands of
plaintiffs; and that the defendant wrongfully entered upon and
cut and tapped said ditch, also drew water from said ditch,

to the plaintiffs' damages $500." It also avers that in 1883, 1884, and 1885 the defendant wrongfully placed dams in said ditch, and cut down its banks, to the further damage of the plaintiffs $200. It further avers that the defendant is continuing such trespasses, and threatens and intends to continue them; that the defendant is insolvent, and the plaintiffs remediless, unless the defendant be enjoined; and prays judgment for the sum of $500 damages sustained; also that an injunction issue against the defendant. The answer puts in issue each allegation of the complaint and avers ownership, in common with the plaintiffs, to the extent of one-sixth of the whole ditch; that he also owns lands (describing them) to which one-sixth of the waters of the ditch are necessary; that prior to 1887, the ditch being in part on and through the defendant's lands, the plaintiffs wrongfully entered upon his said lands, and enlarged the ditch, and did damage, etc.; and demands judgment, etc. The cause was tried before the court with a jury, and a general verdict was rendered in the following words: "We, the jury in the above-entitled action, find for the plaintiffs, and assess the damages at the sum of nothing." The jury also under instructions of the court, made special findings; the seventh, eighth, and ninth being as follows: "Question submitted to jury, by the court: Q. 7. In the matter of the contract made between the defendant and the plaintiffs in the spring of 1883, by which the defendant was to enlarge and improve the ditch for an interest therein, did the defendant perform all the conditions of the agreement on his part? A. He did not. Q. 8. What was the cost to the plaintiffs of the construction of the ditch under controversy? A. $500. Q. 9. What was the value to plaintiffs of the work done, or caused to be done, by the defendant on the ditch under the contract made in the spring of 1883? A. $50." The special findings of the jury, except the fifth, are on the alleged trespass of the defendant, and are, in substance, included in the general verdict. The fifth special finding is that the enlargement of the ditch on defendant's land by the plaintiffs was not without defendant's consent. On this verdict judgment was entered for the plaintiffs decreeing the said ditch to be the property of the plaintiffs; that the defendant be barred of all interest therein; and for $271 costs of this action.

Brumback & Lamb, for Appellant.

Though an oral purchase from a cotenant does not convey the legal title, it gives the purchaser an equitable title to the interest of the cotenant, and protects him from being a trespasser. (*Hoffman v. Fett,* 39 Cal. 111.) The other cotenants can take no advantage of the statute of fraud so long as the selling cotenant does not. (*Galway v. Shields,* 66 Mo. 313, 27 Am. Rep. 351.) When the answer contains a cross-complaint, it must be replied to so far as the cross-complaint is concerned, or the matters therein alleged will be taken as confessed. (*Herold v. Smith,* 34 Cal. 124.) The plaintiffs had no right to rescind the contract after part performance by defendant. (2 Parsons on Contracts, 7th ed., pp. 653, 812.) Judgment outside of the issues is against law. (*Lothian v. Wood,* 55 Cal. 164.) A party cannot allege one cause of action and recover on another. (*Black v. Merrill,* 65 Cal. 92, 3 Pac. 113.) The complaint in this case is totally defective for a complaint quieting title, inasmuch as it nowhere alleges that the defendant claimed any right or interest in the ditch, but, upon the other hand, it alleged he had no interest. (Rev. Stats., sec. 4538.)

Huston & Gray, for Respondents.

It is entirely within the discretion of the court to grant or refuse a jury trial in an equity case. (*Societe Francaise v. Selheimer,* 57 Cal. 623; Code Civ. Proc., sec. 4365; *Kopikus v. State Capitol Commrs.,* 16 Cal. 249; *Brewster v. Bours,* 8 Cal. 501; *Weber v. Marshall,* 19 Cal. 447; *Houser v. Austin,* ante, p. 204, 10 Pac. 37.) In equity cases, where special issues are submitted to a jury, their verdict is merely advisory to the court. (*Warring v. Freear,* 64 Cal. 54, 28 Pac. 115; *Freeman v. Stephenson,* 63 Cal. 499; *Stockmon v. Irrigating Co.,* 64 Cal. 57, 28 Pac. 116; *Bates v. Gage,* 49 Cal. 126.) Mere lapse of time does not constitute an abandonment, but it may be given in evidence, for the purpose of ascertaining the intention of the parties. (*Moon v. Rollins,* 36 Cal. 333 , 95 Am. Dec. 181; *Seymour v. Wood,* 53 Cal. 303; *Davis v. Gale,* 32 Cal. 26, 91 Am. Dec. 554.) Sale for a nominal price may be received in evidence, as tending to show abandonment. (*Davis v. Gale,* 32 Cal. 26, 91 Am. Dec. 554; *Sieber v. Frink,* 7 Colo. 148, 2 Pac. 901.) Fail-

ure to use the water is competent evidence of abandonment. (*Davis v. Gale,* 32 Cal. 34, 91 Am. Dec. 554.) A deed subsequent to abandonment is void. (*Bird v. Lisbros,* 9 Cal. 1, 70 Am. Dec. 617; *Preston v. Keys,* 23 Cal. 195.) A cross-complaint must state all the facts which would be required in an original complaint to entitle the party to affirmative relief, and it cannot be helped out by the averment of any other pleading in the action. (*Collins v. Bartlett,* 44 Cal. 381; *Doyle v. Franklin,* 40 Cal. 110; *Blum v. Robertson,* 24 Cal. 141; *Jones v. Jones,* 38 Cal. 585.) Findings of a jury in issues submitted to them in an equity case, if not objected to by motion for a new trial, cannot be questioned in the supreme court. (*Duff v. Fisher,* 15 Cal. 375; *James v. Williams,* 31 Cal. 211; *Reed v. Bernal,* 40 Cal. 628.) A pleading improperly designated as a "cross-complaint" will not be treated as such, so as to necessitate an answer thereto. (*Harrison v. McCormick,* 69 Cal. 617, 11 Pac. 456; *Thompson v. Thompson,* 52 Cal. 154; *Jones v. Jones,* 38 Cal. 585.)

BERRY, J. (After Stating the Facts.)—There are numerous assignments of error in this case, but we shall not find it necessary to consider them all. Evidence was given upon the trial tending to show an agreement in 1883, and before the acts complained of, between the plaintiffs, or some of them, and the defendant, for a purchase by the defendant of the right to take water from this ditch; the plaintiffs claiming to be tenants in common of the right to the water flowing in the ditch. The counsel for the defendant requested the court in its charge to the jury to instruct them that "if you find from the evidence that the plaintiffs, or a portion of them, proposed in writing that the defendant should be entitled to water if he should do certain work on the ditch, and defendant accepted such proposition, and proceeded to do such work, and offered to complete the same, but was prevented by the plaintiffs, the defendant is entitled to the rights the plaintiffs proposed to give him. They cannot rescind the contract if the defendant had accepted, and partly performed, and offered to perform the rest, but was prevented by plaintiffs." The court refused to so instruct, but modified the request, and gave the modified charge as follows:

"If you find from the evidence that the plaintiffs, or a portion of them, proposed in writing that the defendant should be entitled to water if he should do certain work on the ditch, and defendant accepted such proposition, and proceeded to do such work, and performed all the conditions of the contract on his part, then he was entitled to his proportion of the water." This charge was objectionable for ambiguity, and as it really made the jury the judges of the legal obligations of the defendant. But, given as it was, in contradistinction to a request clearly defining the rights of the defendant, and the obligations of the plaintiffs, it could be understood by the jury only as charging that acts of the plaintiffs could not excuse the defendant from the full completion of all the work to be done. The evidence tended to show his acceptance of the plaintiff's terms, and a part performance. Indeed, the court submits the question to the jury as to the value of the defendant's work on this agreement; and the jury found upon it as follows: "Question for special finding. What was the value to the plaintiffs of the work done, or caused to be done, on the ditch by the defendant under the contract made in the spring of 1883? Answer. $50." But the respondent seeks to avoid the consequences of this error of the court in refusing to charge as requested, and in giving the modified charge, by claiming that, even if the charge was wrong, and the finding of the jury was wrong in consequence of it, still it does not prejudice the defendant, for the reason that the verdict of the jury was only advisory, and not conclusive upon the court; that the court still had the evidence before it, and could make its own findings on this point; and that the court did in fact act on this view of its duties, and in the fifteenth finding of fact found as follows: "That the defendant did, in the spring of 1883, enter into a contract with the plaintiffs Bowman, Butler, and McDowell, to enlarge the ditch described in the plaintiffs' complaint, and have an interest therein; that the defendant failed to perform the conditions of said agreement, and plaintiffs terminated said agreement." This the court had no right, as an original finding, to do. The question submitted to the jury was one of fact, in a common action at law, for damages arising from trespass. In the seventh amendment to the constitution of the United States it is provided that "in suits

at common law no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of common law." We are aware of no rule of law authorizing such re-examination, except through the regular proceeding of appeal. That the court followed the jury makes no difference with its right to make an original finding on this point. Its duty, if it did anything as to stating this as a fact found, was to follow the verdict; and the only allowable presumption is that it did so. And it is equally presumable that the jury found that the acts of the defendant were unlawful, from the erroneous charge given them. The charge as given could have been followed by no other results, providing any part of the work the defendant was to do had not been done; and this although the cause of that failure was the unlawful acts of the plaintiffs themselves. His readiness and willingness to perform, if, indeed, such was the fact (and the evidence on that point raises a strong presumption on his part of such readiness and willingness), was not allowed to go to the jury, or to have any consideration by them. It may be further said that no notice was taken by either the court or the jury of the work done under this contract, further than to assess its value. But that work had been done by the defendant on that contract, and it appears that the plaintiffs, without repaying it or offering to do so, "rescinded the contract." A party to a valid contract, where there is no fraud or other special reason (and none is here shown), cannot rescind at pleasure, and especially where, as in this case, there has been a part performance, and still retain the benefits received under it. (2 Parsons on Contract, 679, 680; 1 Wharton on Contracts, sec. 285, and cases cited in notes.) The judgment should be reversed. Judgment reversed. All concur.