(February 20, 1914.)

## JAMES H. BOYD, Respondent, v. M. B. BOLEY, Appellant.

[139 Pac. 139.]

CONTRACT FOR SALE OF REAL PROPERTY—PURCHASER NOT REQUIRED TO
TAKE DOUBTFUL TITLE—VENDEE'S REMEDY.

    1.  Where parties enter into a contract for the conveyance of real property for a valuable consideration, wherein vendor agrees to give vendee a "good and sufficient warranty deed" therefor, vendor must place himself in a position to comply with the requirement to convey clear title before he can compel vendee to complete his payments of the purchase price.

    2.  Where under a contract to convey real property by a good and sufficient warranty deed, vendor insists on vendee taking a doubtful title, vendee is at liberty to rescind the contract and demand repayment of money paid by him on the purchase price.

    3.  *Held,* that the evidence in this case sustains the findings of the lower court, and that the lower court committed no error in its rulings on the admission and rejection of evidence.

APPEAL from the District Court of the Fourth Judicial District for Twin Falls County. Hon. Chas. O. Stockslager, Judge.

Action for the recovery of payments made on the purchase price of land and taxes paid, on contract for sale. Judgment for plaintiff and defendant appeals. *Affirmed.*

F. A. Hutto, for Appellant.

The contract between Boyd and Boley was in writing; no fraud or mistake in the transaction, so that this contract and it alone should have guided the lower court. (*Jacobs v. Shenon,* 3 Ida. 274, 29 Pac. 44; 21 Am. & Eng. Ency. of Law, 1080.)

"That a party to a valid contract, in the absence of fraud or other special reason, cannot rescind at pleasure." (*Bowman v. Ayers,* 2 Ida. 465, 431, 21 Pac. 405.)

Boyd apprises us in his pleadings that C. M. Boley was perfectly aware of this written contract being made, so C. M.

Boley would be bound by the law of estoppel. His silence gave consent and there is nothing in all the pleading that justifies any rescission. (16 Cyc. 680, 681; 2 Perry on Trust and Trustees, 6th ed., secs. 849, 850; 2 Pomeroy's Eq. Jur., 3d ed., secs. 808, 809; 19 Am. Dig., col. 2407.)

E. L. Ashton, for Respondent.

Boyd's contract calling for good title, he did not have to buy a lawsuit. (*Brooklyn Park Commrs. v. Armstrong,* 45 N. Y. 234, 6 Am. Rep. 70.) Title should be free from litigation. (*Turner v. McDonald,* 76 Cal. 177, 9 Am. St. 189, 18 Pac. 262.)

The son being unable to secure the father's interest and to give possession, there was a failure of consideration, and Boyd is entitled to a lien (under sec. 3445, Rev. Codes) for his advance payments. (*Benson v. Shotwell,* 87 Cal. 49, 25 Pac. 249. Cases under sec. 3050, Kerr's Civil Code.)

AILSHIE, C. J.—This action was instituted by the respondent against the appellant for the recovery of payments made on the purchase price and taxes paid on a tract of land in Twin Falls county. Judgment was entered for the plaintiff and the defendants appealed.

On December 21, 1911, the appellant, M. B. Boley, and respondent entered into a contract in writing whereby Boley agreed to convey to Boyd forty acres of land for a stipulated price, and to give him a good and sufficient warranty deed therefor. Boyd made a payment under this contract and also paid taxes amounting to some $85, and thereafter, and prior to making final payment, Boyd learned that Boley's father had an equitable interest in the property and that the father declined and refused to convey and at the same time that the father was in possession of the premises under contract. Boyd wired to appellant, advising him that the father was in possession and declined to surrender possession until Boley's wife signed a deed to a certain interest in the land. Appellant refused and neglected to clear the title or settle the controversy between himself and his father, and, on the

contrary, insisted on respondent paying the balance of the purchase price and taking a deed for the land under these conditions. Respondent declined to do so and claimed the right to rescind the contract and have his money returned to him.

It appears that when this tract of land was purchased, both the father and son joined in the purchase and contributed in making up the sum of money which went to pay the purchase price. The legal title was taken in the name of the son who is appellant here. There seems, however, to have been an oral agreement between the father and son to the effect that the father's interest was to come out of the remaining tract of land comprising some thirty-six acres which would be left after conveying the forty-acre tract here in question to respondent.

Appellant has assigned a number of errors which are directed against the findings of the court and certain rulings of the court in the admission and rejection of evidence. The evidence sustains the material findings in the case, and we fail to find any error in the rulings of the court in the admission or rejection of evidence. The essence of the legal propositions advanced by appellant is "that a party to a valid contract, in the absence of fraud or other special reason, cannot rescind at pleasure." (*Bowman v. Ayers,* 2 Ida. 465, 21 Pac. 405.) This contention undoubtedly embodies the rule of law generally observed in such cases. In the case at bar, however, the respondent had notice that a third party owned an equity in this land and that this third party was in possession of the land. It would have been like purchasing a lawsuit for respondent to have gone ahead and made his final payments and taken a deed to the land under such circumstances. The law does not require a purchaser to take such risks. The man who contracts to give a "good and sufficient warranty deed" to a tract of land ought to be required to clear up all such matters as these before claiming the final payment of the purchase price for the land under contract.

As was said by the supreme court of California in *Turner v. McDonald,* 76 Cal. 177, 9 Am. St. 189, 18 Pac. 262: "Title

to be good should be free from litigation, palpable defects, and grave doubts, and should consist of both the legal and equitable title, and be fairly deducible of record." To the same effect, see *Brown v. Widen* (Iowa), 103 N. W. 158, wherein the supreme court of Iowa said: "The purchaser of land for a valuable consideration will not be compelled to take doubtful title." (See *Benson v. Shotwell*, 87 Cal. 49, 25 Pac. 249.)

In the case at bar, it is admitted that the father had an equity in the property which was under contract between appellant and respondent. It is also admitted that the respondent had notice of the existence of this equity and of the claims of the father. He clearly had a right to decline to make further payment, and he was at liberty to rescind the contract and demand a repayment of the money he had expended as a part of the purchase price and also for the payment of taxes.

The judgment should be affirmed, and it is so ordered. Costs awarded to respondent.

Sullivan and Stewart, JJ., concur.