### SINCLAIR REFINING CO. et al. v. COSTIN.

#### No. 1786.

Court of Civil Appeals of Texas. Eastland.

May 6, 1938.

Cantey, Hanger & McMahon, of Fort Worth, and Jno. B. Littler, of Big Spring, for appellants.

Carl Rountree, of Lamesa, for appellee.

FUNDERBURK, Justice.

A. G. Costin sued Sinclair Refining Company and L. I. Stewart, agent of said company, seeking to recover actual and exemplary damages for the alleged destruction of plaintiff's business—the business of a retail dealer agent and filling station operator. Plaintiff alleged a contract between himself and *"defendants"* dated June 26, 1935, whereby, beginning on said date, "said defendants agreed and promised to sell plaintiff gasoline upon which plaintiff was to have a profit of four and three cents per gallon less one cent per gallon to be paid the said L. I. Stewart as rental on said land and premises"; said contract, among other things, providing for termination thereof by either party at the expiration of the one year therein specified, "or at the end of any yearly period thereafter, upon 30 days previous written notice to the other party." It was alleged that in breach of said contract, on or about September 20, 1935, without giving the required notice, "defendants" demanded immediate possession of the filling station premises and refused to sell plaintiff any gasoline or other products needed by him; that he was at the time without gasoline necessary to carry on his business, such fact being known to said L. I. Stewart. As the result of such action —according to the allegations—plaintiff's business was destroyed to his damages, as aforesaid.

The defendant Sinclair Refining Company, in addition to the usual formal pleas, alleged that, after the acts of L. I. Stewart, as complained of, plaintiff sent a telegram reading: "Agent L. I. Stewart refused to sell me contract gas please send him instructions"; that such message showed an election on the part of plaintiff not to treat the contract as at an end and that said defendant thereafter within a few days tendered plaintiff gasoline and was willing and able to deliver in accordance with the contract until the same should be legally terminated. It was also alleged that the contract provided: "Dealer agrees that seller shall also have the right to terminate and cancel this agreement at any time upon 30 days previous written notice by seller to dealer"; that defendant gave plaintiff such notice on September 24, 1935, thus terminating the contract on October 24, 1935.

The defendant Stewart answered only by general demurrer and general denial.

The jury, to whom the case was submitted upon special issues, found as follows: (1) That the defendants Sinclair Refining Company and L. I. Stewart refused to sell gasoline, on or about September 20, 1935, to plaintiff, A. G. Costin; (2) that plaintiff, A. G. Costin, was forced to discontinue his filling station business in Ackerly, Tex., on account of the refusal of the defendants Sinclair Refining Company and L. I. Stew-

art to deliver him gasoline; (3) that plaintiff thereby suffered actual damages in the sum of $127; and (4) exemplary damages in the further sum of $191.31. Judgment in accordance with such verdict having been rendered for plaintiff against both defendants, the latter have appealed.

An essential element of each of appellants' propositions Nos. 1 and 2 is the alleged erroneous action of the court in "finding as a fact and in concluding as a matter of law" certain things stated. It is deemed sufficient to say that the record does not show such findings of fact or conclusions of law. Hence, these propositions cannot be sustained, if for no other reason, because they are not supported by the record. Foust v. Jones, Tex.Civ.App., 90 S. W.2d 665. Relative to this matter, we may say that there is no law of procedure of which we are aware which recognizes, or gives any effect to, conclusions of fact or law, in a case tried by a jury, other than the verdict of the jury and the judgment of the court.

We do not believe there is any merit in the contention presented by appellants' proposition No. 2. It is thereby insisted that the court erred in submitting special issue No. 1 which reads: "Do you find from a preponderance of the evidence that the defendants Sinclair Refining Company and L. I. Stewart refused to sell gasoline, on or about September 20, 1935, to the plaintiff, A. G. Costin?" for the reasons that (a) "such issue as worded is a charge on the weight of the evidence" and (b) "constitutes a comment thereon, because the same virtually instructs the jury that defendants refused to sell gasoline on a specified date." We can find none of the faults specified expressed or implied in the terms of the issue. Special issues are usually, if not always, submitted in the form of questions. Such is the one now under consideration. We cannot conceive how any question not purporting to contain the statement of any fact can rightly be said to "constitute a charge" or "a comment" on the weight of the evidence, or in any sense to constitute an instruction of any kind to the jury. If by such phrases it is meant to criticize the issue because in the statement thereof the court assumes some issuable fact, or fact foreign to the issue, or that the issue calls for the finding of a fact conclusively established by, or not supported by the evidence, and therefore not required to be submitted, we are of opinion that such objections would be insufficient to point out to the court the true grounds of the objections intended to be made.

Said special issue No. 1 was not, we think, subject to the criticism presented by appellants' proposition No. 4 to the effect that it did not constitute an ultimate issue. It called for a finding of the only fact alleged by plaintiff to show a breach of the contract. That was an issue joined by the pleadings, which plaintiff had the burden of establishing. If it was not supported by the evidence, that would be another and different question. That it may have been rendered immaterial had other necessary issues been submitted does not, we think, render it subject to the objection that it was not an ultimate issue.

Said special issue No. 1 was, we think, subject to the objection made that it was multifarious and duplicitous as urged in appellants' third proposition. There was evidence to support the conclusion that, if Stewart in fact refused to deliver gasoline to plaintiff so as to constitute a breach of the contract between plaintiff and Sinclair Refining Company, he did not represent the latter in so doing, but only himself and under circumstances which legally charged plaintiff with notice that he was acting as an individual in a matter of personal concern to himself in his relation to the plaintiff and not as the agent or representative of Sinclair Refining Company.

By Stewart's acts Sinclair Refining Company may have failed on the particular morning to sell or deliver to plaintiff gasoline, yet in no proper sense could it be said that it refused to do so. If the evidence raised issues as to the refusal of Sinclair Refining Company and of Stewart to sell plaintiff gasoline, they were separate issues.

Appellants' propositions Nos. 7 to 13, inclusive, may be discussed together. They are all based upon a common contention to the effect that appellants, having affirmatively pleaded, and supported by evidence, a defense that plaintiff by sending the telegram advising Sinclair Refining Company that "Agent L. I. Stewart refused to sell me contract gas," and asking that said company "please send him instructions," thereby evinced an election not to treat the contract as at an end, but to hold it open, which was done, until the following Monday or Tuesday, at which time

appellant offered to deliver gasoline and proceed with full performance of the contract.

Counsel for appellants in their brief indicate their view to be that the principle governing the anticipatory breach of contracts is applicable. The authorities cited appear to deal with that principle. But we are unable to adopt such view, because that principle is applicable only where there is a repudiation of the contract before the time of performance thereof has arrived. "After the breach of a contract has given rise to a cause of action, the rights of the innocent party are not affected by an offer to perform by the party who has broken the contract." 6 R.C.L. p. 1021, § 381; 12 Am.Jur. p. 966, § 388; Slavens v. James, Tex.Civ.App., 211 S.W. 842; Lima Locomotive & Mach. Co. v. National Steel Castings Co., 6 Cir., 155 F. 77, 83 C. C.A. 593, 11 L.R.A.,N.S., 713; Gould v. Banks, 8 Wend., N.Y., 562, 24 Am.Dec. 90; Weeter v. Reynolds, 48 Idaho, 611, 284 P. 257; Little v. Fleishman, 177 N.C. 21, 98 S.E. 455. The applicable rule of law to the situation here presented is believed to be that stated by the same text authorities as follows: "Whether a breach of a *continuing* contract authorizes the adverse party to treat it as *entirely putting an end to the contract* so as to warrant the recovery of damages for the nonperformance of the *whole contract* depends upon the facts of each particular case. Often it is difficult to determine whether the breach of such *continuing* contract is *entire and total,* so as to entitle the party to recover damages for *an entire non fulfilment,* or whether it is *only partial and temporary,* so as that the party can recover only such damages as he has *already sustained,* and he must still accept the performance of the residue of the contract, if the other party will fulfill it. * * * It cannot be said then as a proposition of law that a breach of such a contract will or will not entitle a party to damages beyond what he has already in fact sustained, but it becomes a question of fact in each case whether the breach is entire or partial." (Italics ours.) 12 Am.Jur. p. 967, § 389; 6 R.C.L. p. 1021, § 382.

If on September 20, 1935, Sinclair Refining Company breached its contract with Costin, considering the question with due regard to Stewart's personal relationship to the transaction, it does not appear, at least not conclusively, that Sinclair intended to repudiate the contract. We quote again: "Where there has been a material breach which does not indicate an intention to repudiate the remainder of the contract, the injured party has a genuine election either of continuing performance or of ceasing to perform. Any act indicating an intent to continue will operate as a conclusive election, *not indeed depriving him of a right of action for the breach which has already taken place,* but depriving him of any excuse for ceasing performance on his own part. Anything which draws on the other party to execute the agreement after the default in respect of time or which shows that it is deemed a subsisting agreement after such default will amount to a waiver." (Italics ours.) 12 Am.Jur. p. 968, § 390.

These authorities as applied to the undisputed evidence, as we understand it, are believed to require the conclusion that plaintiff in no event showed any right to recover of either defendant any actual damages which would have been avoided had he accepted the tendered gasoline and proceeded with the contract until it was legally terminated. His recovery of damages was limited to such, if any, as he suffered from the refusal of Sinclair to deliver gasoline in compliance with the contract, from September 20 to 23 or 24, inclusive. The recovery of damages in any amount was conditioned upon his establishing as a fact that there was a breach of the contract from which such damages resulted.

From these considerations we are not prepared to say that the court erred in refusing to submit appellants' requested special issues since a finding thereof would not have constituted a defense. Had the requested issues been submitted and found in favor of the appellants, the verdict thereon would not have concluded the only right of recovery by the plaintiff, which the evidence in any wise tended to support.

In submitting special issue No. 4, calling for a finding of the amount of exemplary damages in favor of plaintiff against both defendants over objections that same was multifarious and duplicitous, and as to Sinclair Refining Company without support in the pleadings, we think the court erred. There was no evidence whatever to warrant the submission of an issue of exemplary damages as regards Sinclair Refining Company. If it can be said that there was any such evidence as to Stewart, it is certainly true that it was one which should not have

called for the same finding with reference to Sinclair Refining Company that it called for with reference to Stewart.

 Appellants' proposition 17, presenting the point that the court should have given the jury a definition of exemplary damages, is not considered for the reason that it has in no way been briefed, there being no statement from the record, authorities, or argument concerning it.

By appellants' eighteenth proposition it is insisted that the court "erred in accepting and rendering judgment upon the verdict of the jury for exemplary damages in that there was not submitted to the jury any issue of fact inquiring as to subsequent ratification or approval by defendant Sinclair Refining Company of alleged acts of defendant Stewart because such issue was an ultimate issue, one that was controverted and one upon which plaintiff must have obtained a jury finding to sustain said judgment for exemplary damages." It is further part of the contention "that no issue as to such facts was requested by plaintiff and was therefore waived by plaintiff." If, as asserted in the proposition, an issue of ratification was controverted, it was an issue required to be pleaded and we find no such plea. It has already been stated that in our opinion there was no evidence warranting the submission of an issue of exemplary damages, at least as regards Sinclair Refining Company. In view of the disposition necessary to be made of the appeal, it is not deemed necessary to discuss further this proposition.

 Special issue No. 2 was as follows: "Do you find from a preponderance of the evidence that on or about September 20, 1935, plaintiff A. G. Costin was forced to discontinue his filling station business in Ackerly, Texas, on account of the refusal, if any, of the defendants Sinclair Refining Company and L. I. Stewart to deliver him gasoline?" By appellants' proposition No. 19 it is insisted that said issue was multifarious and duplicitous in that it inquired "whether plaintiff was forced to discontinue his business and also whether said discontinuance was on account of any refusal, as alleged, to deliver gasoline, that each of such inquiries related to and were on controverted issues of fact." We are inclined to believe that the issue was subject to such objection. We shall not discuss this point further, as we have already expressed the view that under the undisputed evidence the plaintiff, if entitled to recover at all, was limited to such damages, if any, as resulted from a breach of the contract, not with both of the defendants as alleged, but with the Sinclair Refining Company as proved, from September 20 to 23 or 24, 1935.

For the reasons discussed we are of the opinion that the judgment of the court below must be reversed and the cause remanded, which is accordingly so ordered.