232 P.2d 973

**WETTEROW et al. v. WHITE et al.**

**No. 7708.**

Supreme Court of Idaho.

June 19, 1951.

J. H. Felton, William J. Jones, Lewiston, for appellants.

Estes & Felton, Moscow, for respondents.

TAYLOR, Justice.

The plaintiffs (appellants) brought this action on November 1, 1948, seeking rescission of a contract, return of payments made, and damages. They allege that on the 17th day of July, 1948, they entered into a written contract to purchase from the defendants White, the fixtures, equipment, merchandise, good will, and business known

as the Kendrick Beer Tavern and Cafe, located at Kendrick, Idaho. The purchase price was $18,000. Plaintiffs took possession July 18th, and paid $6500 cash thereon and paid two monthly installments of $200 each, September 1st and October 1st, 1948, and $120 accrued interest. No further payments were made. Claiming to have discovered the falsity of certain representations made to them by the defendants concerning the business, the plaintiffs through their attorney wrote defendants, suggesting rescission by agreement. The letter, dated October 22, 1948, sets out the representations and concludes:

"Mr. Wetteraw has lost approximately $1200.00 by having purchased the business and in addition thereto had expenses around $1,000 for going to Kendrick. He is willing to rescind the contract and restore everything to you upon repayment to Mr. Wetterow of the monies paid under the contract together with the damages and expenses incurred by my client.

"It will be necessary if you agree to rescind the contract that you notify me prior to November 1, 1948."

On the basis of this letter, the plaintiffs allege that they offered to rescind the contract and to restore to the defendants "everything received by these plaintiffs upon receipt by these plaintiffs of the relief and damages hereinafter prayed for." The prayer is for cancellation of the contract, $7020 paid thereon, and $2200 damages.

The complaint was filed November 1, 1948. Defendants' general demurrer was filed November 22, 1948. The answer and cross-complaint of defendants White was filed April 27, 1949. Demurrer to the cross-complaint was not filed until February 7, 1950. The record does not show a reason for such delay. The demurrers to the original complaint and to the cross-complaint were overruled February 16, 1950. Defendants' attorney withdrew from the case March 20, 1950. On June 5, 1950, plaintiffs' counsel withdrew, and on the same day notice to the plaintiffs to appoint counsel or appear in person was prepared by the then appearing attorneys for defendants. This notice was served on June 8th, and, no appearance having been made in response thereto, on June 28th counsel for the defendants filed a petition asking the court to fix a day for the trial of the cause, pursuant to which an order was entered on June 29th setting the cause for trial on July 17th. In other words, although their action was commenced promptly, the plaintiffs apparently made no effort to get the case disposed of on its merits, and appeared by counsel only after a date was fixed for the trial on the petition of the defendants. Yet in their complaint and upon the trial they sought the remedy of rescission, to obtain which the law requires that they act promptly upon the discovery of the grounds therefor, and to restore, or offer to restore, to the other party that which they have received under the contract. Instead of making such re-

storation or in good faith seeking to do so, the plaintiffs remained in possession of the business and continued to operate the same from October, 1948, when they claimed to have discovered the fraud, until July 1, 1950, on which date Wetterow testified he closed the business. But, they were still in possession on the day of the trial. During this period of possession and operation of the business they refused to make any payments upon the contract and made no further offer or attempt to deliver the property or business to the defendants, or to account for any profits derived therefrom. Having thus remained in possession of the property and the business, operating it and treating it as their own during this period of nearly two years, the plaintiffs waived any right they had to rescission of the contract, or to a recovery of the payments made. The nonsuit was properly granted. 3 Black on Rescission and Cancellation, 2nd Ed., §§ 595, 596; Kemmerer v. Pollard, 15 Idaho 34, 96 P. 206; Breshears v. Callender, 23 Idaho 348, 131 P. 15; Weber v. Pend d'Oreille Mining & Reduction Co., 35 Idaho 1, 203 P. 891; Chamberlin v. Ivens, 36 Idaho 235, 210 P. 580; MacLeod v. Stelle, 43 Idaho 64, 249 P. 254; Weeter v. Reynolds, 48 Idaho 611, 284 P. 257; Troendly v. J. I. Case Co., 50 Idaho 506, 297 P. 1103; Allis-Chalmers Mfg. Co. v. Harris, 56 Idaho 769, 59 P.2d 345; 17 C.J.S., Contracts, §§ 432, 438, 439, 443, 445; 12 Am.Jur., Contracts, §§ 447, 451; Beebe v. James, 91 Mont. 403, 8 P.2d 803; Neet v. Holmes, 25 Cal.2d 447, 154 P.2d 854. This disposition of the case makes it unnecessary to consider the issues raised as to the sufficiency of the complaint to state a cause of action or the sufficiency of the evidence to establish the alleged fraud.

The plaintiffs admittedly being in default under the terms of the contract, the judgment in favor of the defendants upon their cross-complaint for the restoration of the business, and for forfeiture of the payments made, was proper.

The defendant, McFadden-Erion, Inc., was a real estate agency which handled the negotiations between the parties. No liability on its part was established by the plaintiffs, and the action as to it was properly dismissed at the trial.

Judgment affirmed with costs to respondents.

GIVENS, C. J., and PORTER, THOMAS and KEETON, JJ., concur.